STATE of Wisconsin, Plaintiff-Respondent,

v.

Hoa Duc PHAM a/k/a Lee Pham, Defendant-Appellant.

Supreme Court

*No. 86–0460–CR. Submitted on briefs January 7, 1987.—Decided April 1, 1987.*

(Also reported in 403 N.W.2d 35.)

For the defendant-appellant there were briefs by *William J. Tyroler,* assistant state public defender.

For the plaintiff-respondent there was a brief by *Mary Batt,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILLIAM G. CALLOW, J.   This is an appeal from an order of the circuit court for Waukesha county, Judge Mark S. Gempeler, denying a post-conviction motion for resentencing. This appeal was certified by the court of appeals and accepted by this court pursuant to sec. (Rule) 809.61, Stats.

The issue on appeal is whether sec. 972.13, Stats., requires the entry of a judgment of conviction prior to sentencing. Because we conclude that a written judgment of conviction is not a prerequisite to sentencing, we affirm the order of the circuit court.

Pursuant to a plea bargain, Hoa Duc Pham (Pham) on August 12, 1985, pled guilty to two counts of armed/masked robbery. The details of the plea

bargain are not before this court on appeal, and therefore we omit them. After a colloquy between Judge Gempeler and Pham for the purpose of determining whether Pham understood his plea, Judge Gempeler accepted Pham's plea. Following a stipulation to the facts, the court stated: "Based upon those offers with stipulation from the defense the Court will find the defendant guilty of masked and armed robbery as to Counts 1 and 2 in the information." With the parties, approval, the court proceeded to impose sentence. A written judgment of conviction was not entered prior to sentencing.

Pham subsequently filed a post-conviction motion for resentencing on the ground that the court lacked jurisdiction to impose sentence "due to a lack of compliance with sec. 972.13, Stats." According to Pham, sec. 972.13 requires that sentencing be "upon a judgment of conviction." Pham thus argued that the sentence was jurisdictionally void because it was based upon a finding of guilt, not a judgment of conviction. On February 19, 1986, the circuit court summarily denied Pham's post-conviction motion.

Pham filed an appeal to the court of appeals on March 6, 1986. The appeal was certified by the court of appeals to this court and was accepted on October 14, 1986.

We must determine in this case whether sec. 972.13, Stats.,[1] requires that a formal written judg-

---

[1]Section 972.13, Stats., provides in pertinent part:

· "(1) A judgment of conviction shall be entered upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest.

"(2) Except in cases where ch. 975 is applicable, upon a judgment of conviction the court shall either impose or withhold sentence and, if the defendant is not fined or imprisoned, the

ment of conviction be entered prior to sentencing. Our determination of this issue involves the construction of a statute and is thus a question of law. *State v. Nordness,* 128 Wis. 2d 15, 24, 381 N.W.2d 300 (1986). Accordingly, we need not defer to the decisions of the lower courts. *Id.*

Our purpose in engaging in statutory construction is to ascertain and give effect to the intent of the legislature. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). In determining legislative intent, we first look to the language of the statute itself. *In Interest of P.A.K.,* 119 Wis. 2d 871, 878, 350 N.W.2d 677 (1984). If the language of the statute is ambiguous, we examine the scope, history, context, subject matter, and object of the statute to discern the legislative intent. *Id.* Furthermore, we must interpret a statute in such a way as to avoid an absurd or unreasonable result. *DeMars,* 123 Wis. 2d at 370.

We agree with the parties that sec. 972.13, Stats., is ambiguous. Section 972.13(2) provides that "upon a judgment of conviction the court shall either impose or withhold sentence." This section, standing alone, appears to require that a judgment of conviction exist

---

defendant shall be placed on probation as provided in s. 973.09. The court may adjourn the case from time to time for the purpose of pronouncing sentence.

"(3) A judgment of conviction shall set forth the plea, the verdict or finding, the adjudication and sentence, and a finding as to the specific number of days for which sentence credit is to be granted under s. 973.155. If the defendant is acquitted, judgment shall be entered accordingly.

"(4) Judgments shall be in writing and signed by the judge or clerk."

before sentencing may be imposed. However, sec. 972.13(3) requires that "[a] judgment of conviction shall set forth the ... sentence." Because it is impossible for a sentence to be imposed "upon a judgment of conviction" if the "judgment of conviction" itself must set forth the sentence, we conclude that the pertinent subsections of sec. 972.13 are ambiguous.

In analyzing the legislative history of sec. 972.13, Stats., in conjunction with the case law, we conclude that sec. 972.13 was adopted to require the entry of a written judgment of conviction while maintaining the present judicial practice of imposing sentence from the bench prior to entry of a written judgment of conviction.[2] According to the legislative note accompanying sec. 972.13, the adoption of sec. 972.13 combined two earlier statutes pertaining to judgments based on convictions[3] and certificates of conviction,[4] while adding a requirement that written judgments be entered in criminal actions. Chapter 255, Laws of 1969. Prior to the enactment of sec. 972.13, there was no provision for the entry of a written judgment of conviction. *Id.* Furthermore, the prefatory note to the bill containing

---

[2]Although neither party presented evidence regarding the procedure followed in trial courts, we take judicial notice of the sentencing procedure generally used by trial judges. Following the presentment of evidence to the trier of fact which establishes, beyond a reasonable doubt, that the defendant is guilty, a trial judge typically finds the defendant guilty. Where there has been a plea, the finding of guilty is pronounced after the judge determines that the plea was entered freely, voluntarily, and knowingly. If the parties agree, the judge then proceeds to impose sentence. Judges do not delay the proceedings so that a written judgment may be entered prior to sentencing.

[3]Section 959.01, Stats. 1967.

[4]Section 959.02, Stats. 1967.

sec. 972.13 limits its comments regarding sec. 972.13 to stating that the bill added the requirement of a judgment of conviction. There is nothing in the legislative history to indicate that the legislature intended that a written judgment of conviction exist prior to sentencing.

We disagree with the dicta in *Spiller v. State,* 49 Wis. 2d 372, 378–79, 182 N.W.2d 242 (1971), and the conclusion in *State v. Wheaton,* 114 Wis. 2d 346, 354, 338 N.W.2d 322 (Ct. App. 1983), that sentence must be imposed upon a judgment of conviction. Neither court, in reaching such a result, considered the requirement under sec. 972.13(3), Stats., that the judgment of conviction is to set forth the sentence. It is true, as stated in *Spiller,* that sec. 972.13 requires a formal record of a conviction. However, we find that such a requirement was intended only to impose a uniform rule that all criminal actions resulting in a conviction must conclude with a written judgment of conviction which sets forth the plea, the verdict or finding, the adjudication and sentence.[5]

Furthermore, requiring the entry of a judgment of conviction prior to sentencing would impose an unreasonable burden on courts. Instead of being able to impose sentence upon a finding of guilt, the court would be required, after finding the defendant guilty, to recess the court, have a written judgment of conviction entered, and then return to the courtroom to impose sentence. As noted earlier, such a result ignores the manner in which most courts impose

[5]We also note that, where there is no conviction, sec. 972.13(3), Stats., requires that a formal written judgment of acquittal be entered.

36

sentence. Moreover, such a requirement would exacerbate the backlog of cases pending in the courts. In the absence of greater evidence of legislative intent to impose such a requirement, we decline to interpret sec. 972.13 in such an unreasonable manner. Because we find nothing in the legislative history to indicate that the legislature intended that a written judgment of conviction precede the imposition of sentence, and because we conclude that such a requirement would impose unreasonable burdens on the judicial system, we hold that sec. 972.13, Stats., does not require the entry of a written judgment of conviction prior to sentencing.

Our conclusion that sec. 972.13, Stats., was not intended to change the fact that sentencing from the bench generally precedes the written judgment of conviction is supported by our recent decision in *State v. Perry,* 136 Wis. 2d 92, 401 N.W.2d 748 (1987). In *Perry* we held that, where a conflict exists between a court's unambiguous oral pronouncement of sentence and a written judgment of conviction, the oral pronouncement controls. *Id.* at 24–25. This result was based upon a judicial recognition that the record of the initial pronouncement of sentence is conclusive. This eliminates the possibility of abuses inherent in a later judicial reflection which might tempt a judge to modify the pronounced sentence in a written judgment of conviction. Implicit in this holding is the recognition and acceptance of the fact that the imposition of sentence precedes the entry of a judgment of conviction.

Accordingly, the court of appeals' conclusion in *State v. Wheaton,* 114 Wis. 2d at 353–54, that a sentence must be imposed upon a judgment of conviction, is overruled.

*By the Court.*—The order of the circuit court is affirmed.