In the MATTER OF TERMINATION OF PARENTAL RIGHTS
TO SUEANN A.M.: ANN M.M., Petitioner-Respondent,

v.

ROB S., Respondent-Appellant.†

Court of Appeals

*No. 92-0885. Submitted on briefs August 5, 1992.—Decided
August 25, 1992.*

(Also reported in 489 N.W.2d 719.)

† Petition to review granted.

685

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Scott D. Metz* of *Krause, Metz & Snyder* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J. Rob S. appeals a judgment terminating his parental rights to SueAnn M. Rob contends that the trial court erred by denying him standing to contest the termination of his parental rights. He argues that the court incorrectly construed sec. 48.42(2m), Stats., to deny him standing in a termination of parental rights suit because SueAnn was conceived as a result of a sexual assault. Rob further contends that the court's interpretation of sec. 48.42(2m) renders the statute constitutionally infirm. Finally, Rob asserts that there is insufficient evidence to support the trial court's finding that he failed to assume parental responsibility under sec. 48.415(6), the basis for the termination of his parental

[1]This is a three-judge appeal pursuant to the chief judge's order of August 21, 1992.

rights. Because we conclude that the court erred by finding that sec. 48.42(2m) denied Rob standing to contest the termination of his parental rights, we reverse the judgment without considering the other issues raised.

Ann M. was fifteen years old when she gave birth to SueAnn. It is undisputed that SueAnn was conceived as a result of an on-going sexual relationship between Ann and Rob, who was twenty-one years old at the time of conception. Rob was later charged with second-degree sexual assault because he had sexual intercourse with a person under the age of sixteen. He pleaded no contest and was placed on probation after serving one year in jail.

Ann later filed a petition to voluntarily terminate her parental rights and Rob's parental rights to permit the adoption of SueAnn. Rob learned of the proceeding and filed motions requesting a determination of paternity and dismissal of the petition to terminate his parental rights. Ann filed a second petition to voluntarily terminate her parental rights and to involuntarily terminate Rob's parental rights based upon his failure to assume parental responsibility for SueAnn. Ann then filed a motion for summary judgment asserting that under sec. 48.42(2m), Stats., Rob lacked standing to contest the termination of his parental rights. The trial court agreed and granted a judgment terminating Rob's parental rights based upon its finding that he failed to establish a parental relationship and accept responsibility for SueAnn.

The issue presented in this appeal concerns the construction of sec. 48.42(2m), Stats., which is reviewed as a question of law without deference to the trial court. *State v. Pham,* 137 Wis. 2d 31, 33–34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construc-

tion is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36. When determining legislative intent, this court first examines the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Id.*

Section 48.42(2m), Stats., provides that "[n]otice is not required to be given to a person who may be the father of the child conceived as a result of a sexual assault if a physician attests to his or her belief that a sexual assault has occurred." We conclude that the language of the statute is unambiguous and that we can determine the legislative intent without recourse to extrinsic aids. We further conclude that while the statute suspends the requirement of notice under certain conditions, it does not remove a putative father's standing to contest the termination of his parental rights. Our conclusion is based upon the following reasons.

First, the plain language of sec. 48.42(2m), Stats., deals only with suspension of the procedural notice requirement in an action to terminate parental rights. The statute neither addresses a putative father's standing to contest termination of his parental rights nor refers to the issue of standing.

Second, sec. 48.42(2m), Stats., should be read in conjunction with other relevant portions of the statutes governing termination of parental rights to assure consistency with the legislative scheme reflected in those statutes. *Pulsfus Poultry Farms v. Town of Leeds,* 149 Wis. 2d 767, 797, 804–05, 440 N.W.2d 329, 332 (1989). Subchapter VIII of ch. 48 deals with termination of parental rights. An examination of this subchapter reveals a statutory scheme that requires several steps to be taken before a person's parental rights may be involuntarily terminated.

689

If the petition for involuntary termination of parental rights is contested, the trial court must hold a fact-finding hearing to determine whether grounds for termination under sec. 48.415, Stats., exist. Sections 48.422(2) and 48.424(1), Stats. At the fact-finding hearing, the petitioner must show by clear and convincing evidence that grounds for termination exist and that termination is appropriate. *In re Baby Girl K.,* 113 Wis. 2d 429, 441, 335 N.W.2d 846, 852 (1983). The contesting party is given the opportunity to respond to the petitioner's evidence. Section 48.427(1) provides, in part, that "[a]ny party may present evidence relevant to the issue of [whether grounds exist to terminate parental rights] . . .." (Emphasis added.) The statutes do not exempt the father of a child conceived as a result of a sexual assault from any of these requirements or privileges.

The legislature has listed specific circumstances, acts or omissions that warrant involuntary termination of parental rights. Section 48.415, Stats. This list does not include conception as a result of a sexual assault. To deny a father standing to contest the existence of grounds to terminate his parental rights, when the basis for that lack of standing is not also a ground for termination, would be inconsistent with the statutory scheme. Had the legislature intended to deny a putative father standing to contest termination of his parental rights if the conception resulted from a sexual assault, it would have listed that basis as a ground for termination in sec. 48.415. The legislature also could easily have denied standing where conception resulted from a sexual assault when it enacted sec. 48.42(2m) or when it amended that subsection in 1989. The legislature has thus far declined to do so.

■ Based upon the plain language of the statute and a reading of the statute in conjunction with the other provisions reflecting the legislative scheme regarding the termination of parental rights, we conclude that sec. 48.42(2m), Stats., is addressed only to notice and does not affect the putative father's standing to contest the alleged grounds for termination of his parental rights.

Because we have concluded that sec. 48.42(2m), Stats., does not affect a putative father's standing, we need not address Rob's remaining arguments. *Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

■ Rob's parental rights were terminated based on the trial court's finding that he failed to assume parental responsibility, pursuant to sec. 48.415(6), Stats. Because the trial court made this finding without extending to Rob the opportunity to contest the allegation, we remand the matter for a hearing on this issue.

*By the Court.*—Judgment reversed and cause remanded with directions.