STATE of Wisconsin, Plaintiff-Appellant,

v.

Baby G. ANDERSON, Defendant-Respondent.†

Court of Appeals

*No. 93–0464–FT. Submitted on briefs May 25, 1993.—Decided June 29, 1993.*

(Also reported in 503 N.W.2d 366.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *Patrick G. Schilling*, district attorney of Phillips.

For the defendant-respondent the cause was submitted on the brief of *H. Craig Haukaas* of *Dallenbach, Anich & Wartman, S.C.* of Ashland.

Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J. The state appeals a judgment convicting Baby Anderson of operating a motor vehicle after revocation (OAR), sixth offense, in violation of sec. 343.44(1), Stats., and imposing civil sanctions under sec. 343.44(2)(e)2.[2] The state contends the trial court erred by concluding that Anderson's first suspension, imposed in California because she failed to appear in court, was imposed "solely due to a failure to pay a fine or forfeiture," within the meaning of sec. 343.44(2)(e)2. The state argues that a suspension imposed because a defendant failed to appear in court as ordered is not imposed solely due to a failure to pay a fine or forfeiture and, therefore, Anderson was subject to criminal sanctions for her sixth OAR offense under Wis. Stat. Ann. sec. 343.44(2)(e)1 (West Supp. 1992). Because failure to appear in court is a separate offense, Anderson's fail-

---

[1] This is a three-judge decision pursuant to the Chief Judge's June 4, 1993, order.

[2] This is an expedited appeal under Rule 809.17, Stats.

105

ure to pay a fine or forfeiture was not the sole basis for her suspension. The judgment is therefore reversed and the cause is remanded to the trial court for resentencing under Wis. Stat. Ann. sec. 343.44(2)(e)1 (West Supp. 1992).

The facts are undisputed. In April 1987, Anderson's operating privileges were suspended in California because she failed to appear in court. Her California license was still suspended at the time of the citation that is the basis for this appeal. Anderson later moved to Wisconsin, where she was convicted five times of OAR or operating after suspension (OAS) during the period of August 1989 to January 1992. In March 1992, her operating privileges were revoked for five years upon her classification as an habitual traffic offender (HTO). In April 1992, she was cited for OAR, sixth offense as an habitual traffic offender.

At Anderson's plea hearing, her attorney stated that the reason Anderson had been required to appear in court in California was because she failed to pay a parking ticket. When Anderson failed to appear in the California court, her license was suspended. The trial court concluded that Anderson's suspension imposed due to her failure to appear in the California court amounted to a suspension imposed due to her failure to pay a fine or forfeiture within the meaning of sec. 343.44(2)(e)2, Stats., based upon the following reasoning:

> THE COURT: Well, I'm trying to put what I understand the California procedure to be in a Wisconsin context, and I don't know that it's that much different because the same thing would be true here. If a person gets a parking ticket, they can ordinarily pay within a certain time or pay within a longer time but pay more, or if not paid, they're

summoned into court, and when they don't appear in court, then typically what would happen would be the Court would deem the nonappearance to be a plea of no contest and impose a fine at that point by statute, granting at least 20 days to pay, and failing payment within that time, order suspension of a driver's license. . . .

MR. LEX: And Wisconsin would treat that particular series of events as a failure to pay a fine or forfeiture.

THE COURT: Sure, as noncriminal. . . .

Anderson pleaded guilty to OAR, sixth offense, and the trial court imposed the minimum civil sanction under sec. 343.44(2)(e)2.

This issue presents a question of statutory interpretation that this court reviews as a question of law without deference to the trial court. *State v. Pham*, 137 Wis. 2d 31, 33–34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construction is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36.

The state contends that the trial court erred by concluding that criminal penalties could not be imposed. The state argues that Anderson's California suspension was not based *solely* upon the nonpayment; rather, Anderson's California suspension was imposed because she failed to appear in court. Therefore, the state argues, sec. 343.44(2)(e)2, Stats., is inapposite, and the trial court should have imposed criminal sanctions under Wis. Stat. Ann. sec. 343.44(2)(e)1 (West Supp. 1992) and sec. 351.08, Stats.

Wisconsin Stat. Ann. sec. 343.44(2)(e)1 (West Supp. 1992) provides in part:

107

Except as provided in subd. 2, for a 5th or subsequent conviction under this section or a local ordinance in conformity with this section within a 5-year period, a person shall be fined not less than $2,000 nor more than $2,500 and shall be imprisoned for not less than 6 months nor more than one year in the county jail.

Section 343.44(2)(e)2, Stats., provides:

If the revocation or suspension that is the basis of a violation was imposed solely due to a failure to pay a fine or forfeiture, or was imposed solely due to a failure to pay a fine or forfeiture and one or more subsequent convictions for violating sub. (1), the person shall forfeit not less than $2,000 nor more than $2,500. This subdivision applies regardless of the person's failure to reinstate his or her operating privilege.

The plain language of this statute demonstrates clear legislative intent to decriminalize some, but not all, OAR or OAS offenses. Section 343.44(2)(e)2, Stats., eliminates imposition of criminal sanctions for OAR and OAS convictions if the revocation or suspension that is the basis for the current violation was imposed solely because of the defendant's failure to pay a fine or forfeiture. However, if a revocation or suspension in effect at the time the defendant is cited for OAR or OAS was imposed for reasons other than, or in conjunction with, the defendant's failure to pay a fine or forfeiture, the defendant's failure to pay a fine or forfeiture is not the sole basis for the revocation or suspension; therefore, sec. 343.44(2)(e)2 does not apply.

Anderson's license was suspended in California under CAL. VEH. CODE § 13365 (Deering 1993).[3] That section mandates suspension of a person's operating privileges when the person willfully violates his or her written promise to appear in court, independently of the person's willful failure to pay a fine. The language of § 13365 evinces the California legislature's intent to create a separate offense for failure to appear in court. The California suspension was in effect at the time Anderson was cited for OAR, sixth offense, the violation with which we are concerned. We therefore conclude that there is a sufficient causal relationship between the California suspension for failure to appear in court, which is independent of Anderson's failure to pay a fine or forfeiture, and the current violation. The existence of a basis other than failure to pay a fine or forfeiture renders sec. 343.44(2)(e)2, Stats., inapplicable. The trial court's judgment is reversed with directions to resentence Anderson under Wis. Stat. Ann. sec. 343.44(2)(e)1 (West Supp. 1992).

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[3] The pertinent language of that section provides: "Upon receipt of notification of a violation of subdivision *(a) or (b) of Section 40508* . . . the department shall suspend the driving privilege of the person." (Emphasis added.) CAL. VEH. CODE § 40508(a) (Deering 1993) provides: "Any person willfully violating his or her written promise to appear or a lawfully granted continuance of his or her promise to appear in court or before a person authorized to receive a deposit of bail is guilty of a misdemeanor . . . ."