IN RE the PATERNITY OF BRADFORD J.B.:

PAUL M.J., Petitioner-Respondent,

v.

DORENE A.G., Respondent-Appellant.

Court of Appeals

*No. 93–1289. Submitted on briefs November 29, 1993.—Decided December 21, 1993.*

(Also reported in 510 N.W.2d 775.)

305

For the respondent-appellant the cause was submitted on the briefs of *David L. Nichols* of Brillion.

For the petitioner-respondent the cause was submitted on the brief of *Ardis A. Cray* of Chippewa Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Dorene A.G. appeals a court order modifying that portion of the child custody and placement order specifying physical placement schedules for Paul M.J., Bradford J.B.'s father. Dorene contends that the modified order is invalid because: (1) the trial court lacked authority to entertain a motion to modify the child custody and placement order prior to the expiration of the two-year time period specified in sec. 767.325(1)(a), Stats., because Paul made no allegation that the current custodial conditions were physically or emotionally harmful to Bradford; (2) even if the court were authorized to modify the original order within the two-year time period to be effective prospectively at the end of the two-year period, the court miscalculated the effective date of the original order, making the modified order effective before the two-year time period expired; and (3) the trial court erroneously exercised its discretion by increasing physical placement with Paul because the modification of the judgment is not in Bradford's best interests. We conclude that the trial court lacked authority to entertain Paul's petition to substantially modify the physicial placement schedule during the two-year time period absent an allegation in the petition that the current custodial conditions were physically or emotionally harmful to Bradford. Because our resolution of this issue is dispositive of the appeal, we reverse the order without addressing the other issues Dorene raises.

307

Bradford was born to Dorene in December 1989. Dorene and Paul never married. Paul filed a petition seeking a determination that he is Bradford's father and requesting physical placement of Bradford with Paul. The trial court ultimately issued a child custody and placement order on May 3, 1991, that was reduced to writing and entered on September 20, 1991. The order granted Dorene sole legal custody and primary physical placement of Bradford. Paul was permitted periodic physical placement at certain specified hours, alternating weekends and holidays and one week in the summer. The order also provided that Paul may have placement at "[o]ther reasonable times, upon reasonable notice, as the parties may agree." The court ordered the parties to participate in joint counseling with the counselor of Dorene's choice with Paul to pay the cost of the counseling to the maximum amount of Paul's insurance coverage for the counseling.

Seven months after the original order was entered, Paul filed a petition seeking to expand the amount of Bradford's placement with him, which modified the original order. Paul cited his change in work schedule and Dorene's refusal to grant him additional reasonable visitation as reasons for the request. Paul did not allege or attempt to prove that the custodial conditions were physically or emotionally harmful to Bradford as required by sec. 767.325(1)(a), Stats.[1] The court held a hearing ten months after the petition for modification.

---

[1] Section 767.325(1)(a), Stats., provides:

Substantial Modifications. *Within 2 years after initial order.* Except as provided under sub. (2), a court may not modify any of the following orders before 2 years after the initial order is entered under s. 767.24, unless a party seeking the modification, upon petition, motion, or order to show cause shows by substantial evidence that the modification is necessary because the current

After the hearing, the court found that, while Paul failed to demonstrate adequate grounds to substantially modify Bradford's placement pursuant to sec. 767.325(1)(a), Stats., grounds existed to substantially modify the placement based on the court's determination of Bradford's best interests. The court found that it is in Bradford's best interest to increase his placement with Paul, and that the following substantial changes in circumstances supported the modification: Bradford's increase in age and starting preschool, Bradford's increased ability to appreciate and benefit from interaction with Paul, Paul's improved parental abilities and Dorene's pattern of excluding Paul from Bradford's life except as necessary under the original order. The court acknowledged that grounds did not exist under sec. 767.325(1)(a) to modify the original order within two years. The court therefore ordered the modification to be effective on May 11, 1993, which the court determined to be the two-year anniversary of the original order. The modification effectively gives Paul placement of Bradford that more closely approximates an equal division of placement time between Paul and Dorene.

Dorene contends that the trial court lacked authority to order a substantial modification of the custody and placement order within two years after entry of the original order because Paul's petition did not allege that the current custodial conditions are physically or emotionally harmful to Bradford. Dorene

custodial conditions are physically or emotionally harmful to the best interest of the child:

1. An order of legal custody.

2. An order of physical placement if the modification would substantially alter the time a parent may spend with his or her child. (Emphasis in original.)

further argues that the court's delay of the order's effective date until the expiration of the two-year period is an impermissible circumvention of sec. 767.325(1)(a), Stats.

The issue presented in this appeal concerns the construction of sec. 767.325(1)(a), Stats. We review questions of statutory interpretation as questions of law independently of the trial court's determination. *State v. Pham*, 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construction is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36. When determining legislative intent, this court first examines the language of the statute itself and resorts to extrinsic aids only if the language is ambiguous. *Id.*

Our supreme court ruled in *In re Stephanie R.N.*, 174 Wis. 2d 745, 764, 498 N.W.2d 235, 240-41 (1993), that

> the legislative history of sec. 767.325(1)(a), Stats., and its predecessor, sec. 767.32(2), Stats., shows that the legislature intended to provide a "time-out" or "truce" period of two years during which the child and the parents can adjust to the new family situation. [I]n [this] two-year period of finality and stability, the courts are not to be battlefields where wounded parents turn their children as weapons against one another. The reasons for judicial intervention in the established custodial arrangement during the two-year truce must be compelling. (Citation omitted.)

Here, Paul failed to allege in his petition any compelling reasons for judicial intervention in the custodial and physical placement arrangement during

the two-year truce. Paul did not allege as grounds for his modification petition that the current arrangement was physically or emotionally harmful to Bradford. Instead, Paul alleged that Dorene has refused to allow placement of Bradford with Paul in excess of the judicially ordered times, that Paul's change in work schedule allowed him to be more flexible and that his "specific requests for additional time with [Bradford] would include time during the day when [Dorene] is working and some overnight during the week, *which is reasonable and in the best interests of [Bradford]."* (Emphasis added.) We therefore conclude that Paul failed to allege sufficient facts to permit judicial intervention in the custodial and physical placement arrangement during the two-year truce. Accordingly, sec. 767.325(1)(a), Stats., constrained the trial court from modifying the original custody and placement order.

■

By enacting sec. 767.325(1)(a), Stats., the legislature has demonstrated its intent that, absent extraordinary circumstances, modification of custody and placement hearings may not be held, and orders modifying custody and placement may not be entered, during the two-year period following the entry of the original order. We do not hold, however, that sec. 767.325(1)(a), Stats., prohibits the court from holding a hearing during the two-year period or issuing an order to be effective after the two-year period has expired under all circumstances. Section 767.325(1)(a) permits two limited exceptions to its general prohibitions.

Section 767.325(1)(a), Stats., does not completely abrogate the trial court's inherent discretionary control over its own calendar. Trial courts have long possessed inherent discretionary authority to control their own

calendars. *State ex rel. Collins v. American Family Mut. Ins. Co.*, 153 Wis. 2d 477, 483, 451 N.W.2d 429, 431 (1990). The discretionary power to determine when hearings will be held is essential to the effective and efficient administration of trial court calendars. Section 767.325(1)(a) does not preclude a court from holding a modification hearing during the two-year period if the court in its discretion deems it necessary to do so to reasonably accommodate a petition for modification to be effective at the end of two years.

For example, a trial court faced with a petition for modification that does not allege the statutorily required facts and that was filed near the end of the two-year period may be in the situation where calendar congestion would compel it to hold the hearing near the end of the two-year period because scheduling the hearing after the two-year period would substantially delay the hearing. Nothing in sec. 767.325(1)(a), Stats., precludes the court from scheduling the hearing within the two-year period with the intent that any modification order would not be effective until after the two-year period has expired. If the legislature intends to limit the court's inherent power to control its calendar, it must do so clearly and unambiguously by explicit language and not by implication. Because the statute contains no specific prohibition regarding holding hearings during the two-year period, we will not imply such a prohibition.

Here, however, there is no showing that calendaring problems necessitated the court holding the modification hearing before the expiration of the two-year period. Paul filed his petition only seven months after the original order was entered. The trial court

312

held the hearing ten months later, when more than seven months remained of the two-year "truce." Because the trial court made no finding that its calendar required it to hold the hearing within the two-year period, the court lacked authority to intervene in the placement arrangement.

Similarly, sec. 767.325(1)(a), Stats., does not prohibit a trial court from entering an order during the two-year period to be effective after the expiration of the two-year period when a petitioner alleging the statutory prerequisites is unable at the hearing to satisfy the higher burden of proof. This power exists as part of the principle of judicial economy. Requiring a new petition and hearing after the expiration of the two-year period because the petitioner failed to meet the higher burden of proof under sec. 767.325(1)(a) may work a hardship on the parties because of the increased cost of litigation and the likelihood that the evidence would simply be repetitive of evidence already presented to the court.

The statutory language "a court may not modify . . . before two years after the initial order is entered" limits the effective date of any modification but does not limit the court's authority to hold a hearing or enter an order on petitions that assert the grounds for modification identified by sec. 767.325, Stats., within the two-year truce period. We conclude that where the petitioner has made proper allegations for a modification under sec. 767.325(1)(a), the court has the discretion to conduct a hearing and issue an order effective after the expiration of the statutorily imposed "truce" during the two-year period under appropriate and limited circumstances.

313

In exercising its discretion, the court should consider the length of time remaining until the expiration of the two-year period, the nature and extent of the modifications being sought, the number of witnesses and the nature of the testimony to be elicited, the expense, inconvenience and burden placed upon the litigants of such a rehearing and such other factors as may be relevant in each specific case. Courts should exercise this discretion with circumspection and be mindful that the legislature has enacted a statute creating a period of time during which modifications should not occur absent extraordinary circumstances.

Here, we are not presented with the circumstance where the petitioner sufficiently alleged that a substantial modification during the two-year period was necessary and then failed to meet the burden of proof under sec. 767.325(1)(a), Stats. Instead, Paul petitioned for a modification seven months after the original order was entered and made no prima facie allegations that judicial intervention was authorized under sec. 767.325(1)(a). Moreover, Paul did not attempt to demonstrate at the hearing that the custodial conditions were physically or emotionally harmful to Bradford, as required under sec. 767.325(1)(a). We therefore conclude that the trial court lacked authority to entertain Paul's petition and to enter an order substantially modifying Bradford's physical placement during the two-year period, despite the court's intent that the order not be effective until after the expiration of the two-year period. Because our resolution of this issue is dispositive of this appeal, we need not address the other issues Dorene raises. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

*By the Court.*—Order reversed.