Darrell L. DORSCHNER and Ione H. Dorschner, Plaintiffs-Respondents,

v.

State of Wisconsin, DEPARTMENT OF TRANSPORTATION, Defendant-Appellant.

Court of Appeals

*No. 93–2936. Submitted on briefs March 14, 1994.—Decided March 22, 1994.*

(Also reported in 515 N.W.2d 311.)

237

For the defendant-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Daniel S. Farwell*, assistant attorney general.

For the plaintiff-respondent the cause was submitted on the brief of *Kenneth F. Rottier* of *Lubinski, Rottier, Reed & Klass, S.C.*, of Seymour.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The State of Wisconsin Department of Transportation appeals a judgment denying it the recovery of $21,600, the difference between the purchase price negotiated pursuant to condemnation proceedings and the value of the land taken as determined by the jury. The State contends that the trial court erred by concluding that it was not entitled to recover a $21,600 judgment because it did not reserve its right to such judgment in the purchase agreement. The State argues that its right to recover the $21,600 is a statutory right that it did not waive by omitting reference to that right in the purchase agreement. We conclude that under § 32.05(11)(a), STATS., the State is entitled to recover $21,600, the difference between the jury verdict and the original condemnation compensation award. We therefore reverse the judgment with directions to enter a judgment of $21,600 plus costs in favor of the State.

The facts underlying this appeal are undisputed. The State undertook construction of a four-lane highway bypassing New London, which would pass through land owned by Darrell and Ione Dorschner. Pursuant

238

to the State's condemnation powers and the procedural requirements in § 32.05(2a), STATS., the State negotiated a purchase price of $225,000 for the Dorschners' land. The purchase agreement stated that the Dorschners retained their right to appeal the amount of compensation under ch. 32. The agreement did not refer to the State's rights under ch. 32.

The Dorschners subsequently appealed the compensation amount. After a trial, the jury determined that the fair market value of the Dorschners' land prior to the taking was $226,000 and that the fair market value of the Dorschners' remaining property immediately after the taking was $22,600. Thus, the amount of the jury verdict was $203,400—$21,600 less than the State's negotiated condemnation compensation. The State moved the trial court for judgment on the verdict pursuant to § 32.05(11)(a), STATS. The trial court refused to allow the State to recover the $21,600, concluding that § 32.05(11)(a) was inapplicable because the State in drafting the purchase agreement "failed [within the agreement] to reserve [its] rights to appeal [the purchase agreement's] terms."

■

The State contends that it is entitled to recover the difference between the negotiated award and the jury award under § 32.05(11)(a), STATS., irrespective of its not reserving that statutory right within the purchase agreement. This issue involves the interpretation and application of a statute to undisputed facts, a question of law that we review independently of the trial court's determinations. *Brandt v. LIRC*, 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991). The purpose of the rules of statutory construction is to give effect to the legislative intent. *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). When determining legis-

lative intent, this court first examines the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Id.*

Section 32.05(2a), STATS., requires the State, when exercising its power of condemnation for transportation facilities, to first attempt to negotiate a purchase of the property. If the negotiation is successful, the conveyance is recorded with the register of deeds. After the conveyance is recorded, the State must provide the condemnee with a copy of the conveyance and must inform the condemnee of his or her right to appeal the amount of compensation pursuant to § 32.05(9) to (12). Section 32.05(2a), STATS. Here, the information concerning the Dorschners' right to appeal the compensation was included in the purchase agreement.

The Dorschners appealed the amount of compensation pursuant to § 32.05(11), STATS. The jury's award of condemnation damages was less than the compensation awarded by the State in the purchase agreement. Section 32.05(11)(a) provides:

> If the jury verdict as approved by the court does not exceed the basic award, the condemnor shall have judgment against the appellant for the difference between the jury verdict and the amount of the basic award, plus interest on the amount of such difference from the date of taking.

The trial court apparently treated this case as a contract case. The trial court noted that while the purchase agreement expressly reserved the Dorschners' right to appeal the compensation amount under ch. 32, STATS., it did not reserve any of the State's rights under ch. 32. Because the State drafted the purchase agreement, the trial court reasoned, contract law required it to construe the agreement strictly

against the State. The trial court thus concluded that because the State failed to reserve any of its rights under ch. 32 within the agreement, the State was not entitled to any of those rights.

We do not agree with this analysis. This is a condemnation case, governed by the rights and procedures in ch. 32, STATS. The fact that the condemnation may be achieved via a purchase agreement under § 32.05(2a) does not render the rest of the provisions of ch. 32 inapplicable. Here, the purchase agreement specifically refers to the provisions of ch. 32. Because the parties undertook the procedures specified in ch. 32, we conclude that the parties' rights are defined by ch. 32.

When the State enters into negotiations under § 32.05(2a), STATS., the condemnee has the right to receive various information about the condemnation, such as the names of other neighboring landowners to whom offers are being made, a map showing all property affected by the project, the name of the owner of any other property which may be taken for the project and to examine any maps in the condemnor's possession showing property affected by the project. The condemnee also has the right, within six months after the date the conveyance is recorded, to appeal from the amount of compensation either to an appointed commission or to the trial court. If upon appeal a jury or the court awards damages for the condemnation that are greater than the original condemnation compensation award, the landowner is entitled to a judgment equal to the difference between the damages award and the original award. Nowhere in ch. 32 is a right to retain all of the original award granted to condemnees who appeal a condemnation award, regardless of its procedural origin, if the verdict is less than the amount awarded.

Under § 32.05(11)(a), STATS., the State is entitled to recover the difference between the negotiated award and the jury award if, upon appeal, the court or the jury awards damages for the condemnation that are less than the original compensation award. Nowhere in ch. 32 is the State required to inform the Dorschners of its rights in the event of an appeal, nor does § 32.05(2a) require the State to specifically reserve those rights when negotiating the amount of a condemnation award. The recovery of the difference between the negotiated award and the jury award award under § 32.05(11)(a), pursuant to an appeal of a negotiated condemnation award is not conditioned upon the State's reservation of that right. We therefore conclude that the State's failure to refer to or reserve its right to recover the difference between the negotiated award and the jury award on the purchase agreement did not amount to a waiver of the State's rights under § 32.05(11)(a).

The Dorschners, however, apparently contend that § 32.05(11)(a), STATS., is inapplicable to condemnation awards that result from negotiations under § 32.05(2a). The Dorschners note that § 32.05(11)(a) speaks in terms of a "basic award," a term defined in § 32.05(7)(b). The Dorschners further note that § 32.05(2a) provides that "the amount of compensation stated in the conveyance shall be treated as the award . . . ." The Dorschners' argument appears to be: Because the condemnation compensation that results from a jurisdictional offer is called a "basic award," whereas the condemnation compensation that results from negotiation is called an "award," § 32.05(11)(a) applies only to the former and not the latter.

We reject the Dorschners' argument for the following reasons. The Dorschners' interpretation is inconsistent with the portion of § 32.05(2a), STATS., which states, "Any person named in the conveyance may . . . appeal from the amount of compensation . . . in the manner set forth in subs. (9) to (12) . . . ." Under the Dorschners' interpretation, because subsec. (11) refers only to a "basic award" and not to an "award," a party may not appeal from the amount of a negotiated compensation under subsec. (11).

■

Additionally, if we were to accept the Dorschners' argument that § 32.05(11)(a), STATS., is inapplicable to appeals from negotiated awards, then § 32.05(11)(b) would also be inapplicable to appeals from negotiated awards. Section 32.05(11)(b) entitles condemnees to retain the amount of jury damages that exceeds the negotiated award "[i]f the jury verdict . . . exceeds the basic award . . . ." Under the Dorschners' argument, because subsec. (11)(b) refers only to the "basic award," condemnees who receive a negotiated compensation award would not be entitled to retain the amount of jury damages that exceeds that award. Thus, under the Dorschners' interpretation, an appeal of a negotiated award under subsec. (11) is meaningless. This result is absurd, as well as inconsistent with the specific language of § 32.05(2a) authorizing an appeal from the award amount under subsec. (11). We therefore conclude that, for purposes of § 32.05(11)(a) and (b), the term "basic award" refers to the original condemnation compensation award, regardless of whether it was the result of negotiation under § 32.05(2a) or jurisdictional offer procedures under § 32.05(3), (6) or (7).

Here, the jury verdict does not exceed the original condemnation compensation award. Therefore, under

§ 32.05(11)(a), STATS., the State is entitled to recover the difference between the negotiated award and the jury award. We therefore reverse the judgment with directions to enter a judgment of $21,600 plus costs in favor of the State.

*By the Court.*—Judgment reversed and cause remanded with directions.