STATE of Wisconsin, Plaintiff-Respondent,

v.

Ramiah A. WHITESIDE, Defendant-Appellant.†

Court of Appeals

*No. 95–3458–CR. Submitted on briefs October 1, 1996.—Decided October 29, 1996.*

(Also reported in 556 N.W.2d 443.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Ellen Henak*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

CURLEY, J.   Ramiah A. Whiteside appeals from a judgment of conviction and an order denying postconviction relief. Following a collision that killed four people during a high-speed police chase of a stolen vehicle, Whiteside, the driver, pleaded no contest to four counts of second-degree reckless homicide; one count of second-degree reckless injury; and one count of operating a motor vehicle without the owner's consent. Whiteside now contends the judgment of conviction is improper because the trial court placed its recommendation that he not be granted parole in the judgment of conviction. He also seeks vacation of his sentence alleging the trial court misunderstood the difference between first- and second-degree reckless homicide resulting in an inappropriate sentence. Because we determine there is no prohibition against the trial court's parole recommendation being included in the judgment of conviction, and because the trial court properly exercised its discretion at sentencing, we affirm.

## I. BACKGROUND.

On the evening of April 24, 1995, Whiteside fled from the police in a stolen car. During this high-speed chase he eluded the police by driving down city streets, over lawns, and through a chain link fence. Eventually the pursuit ended in a collision at the intersection of West Silver Spring Drive and North 64th Street. Whiteside claims he slowed down to approx 60-64 miles per hour when he ran the red light and collided with another car and a bus stop shelter, killing four people and injuring another.

Whiteside agreed to plead no contest to all the original charges after being warned that the State was considering amending the charges to first-degree reckless homicide and in exchange for the State's promise to recommend a forty-five year sentence, a sentence two years less than the maximum possible sentence. Later, at the time of sentencing, the prosecution informed the trial court that the State now believed that first-degree reckless homicide charges could not be proven and, as a result, Whiteside was given the opportunity to withdraw his no contest pleas, an offer he declined.

During the sentencing hearing, defense counsel advised the court that the presentence investigation report was inaccurate as the writer left the impression that Whiteside had accelerated while entering the intersection when he actually slowed to "about 60 to 64" miles per hour (from an earlier speed of 80 miles per hour). The trial court remarked: "What's the difference 60, 65 through a red light or 80?" The trial court then proceeded to sentence Whiteside. After imposing sentence, the trial court offhandedly commented to Whiteside that he believed the State could have successfully brought first-degree reckless

homicide charges which would have carried a maximum sentence of 167 years. The trial court then remarked, "I would have had no trouble imposing that sentence." Following the imposition of sentence, the trial court directed that the judgment of conviction include the wording: "IT IS THE RECOMMENDATION OF THE COURT THAT DEFENDANT NOT BE GRANTED PAROLE BUT TO SERVE THE **MAXIMUM** SENTENCE." The trial court also made an identical parole recommendation on the record.

Whiteside brought a postconviction motion seeking resentencing on the ground that "the trial court abused its discretion in sentencing [him] because [the court's] misapprehension of the difference between first and second degree reckless homicide caused the court to view the offense as more grave [sic] than it was under the law." Additionally, Whiteside, thinking the court's parole recommendation to be improper, also sought to have the recommendation removed from the judgment of conviction.

The trial court denied the motion in a written decision, explaining that it comprehended the differences between the two statutes. The trial court further noted that its comments about the State possibly being able to prove first-degree reckless homicide were merely a "footnote" following the imposition of sentence. As stated in the trial court's written decision, "Dropping one's speed during a chase from 80 mph to 60 mph is not a significant 'mitigating' factor in light of the overall picture presented in this case." With regard to the parole recommendation being placed on the judgment, the trial court noted that its recommendation that Whiteside not be granted parole "is no more than a recommendation; it does not

constitute a condition of his sentence. . . . It does not constitute a 'claim of continuing control' over the defendant after sentence was imposed." (Citation omitted.)

## II. ANALYSIS.

Interpretation of statutes is an issue that this court reviews *de novo. See State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). The mandate for a written judgment of conviction and the required contents of this document are found in § 972.13, STATS.[1] Whiteside argues that lacking any

---

[1] Section 972.13, STATS., provides:

**Judgment. (1)** A judgment of conviction shall be entered upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest.

**(2)** Except in cases where ch. 975 is applicable, upon a judgment of conviction the court shall proceed under ch. 973. The court may adjourn the case from time to time for the purpose of pronouncing sentence.

**(3)** A judgment of conviction shall set forth the plea, the verdict or finding, the adjudication and sentence, and a finding as to the specific number of days for which sentence credit is to be granted under s. 973.155. If the defendant is acquitted, judgment shall be entered accordingly.

**(4)** Judgments shall be in writing and signed by the judge or clerk.

**(5)** A copy of the judgment shall constitute authority for the sheriff to execute the sentence.

**(6)** The following forms may be used for judgments:

STATE OF WISCONSIN

. . . . County

In. . . . Court

The State of Wisconsin

vs.

. . . .(Name of defendant)

UPON ALL THE FILES, RECORDS AND PROCEEDINGS,

specific statutory authority to place the trial court's
position on parole on the judgment of conviction

IT IS ADJUDGED That the defendant has been convicted upon the defendant's plea of guilty (not guilty and a verdict of guilty) (not guilty and a finding of guilty) (no contest) on the. . . . day of. . . ., 19.., of the crime of. . . . in violation of s. . . ..; and the court having asked the defendant whether the defendant has anything to state why sentence should not be pronounced, and no sufficient grounds to the contrary being shown or appearing to the court.

*IT IS ADJUDGED That the defendant is guilty as convicted.

*IT IS ADJUDGED That the defendant is hereby committed to the Wisconsin state prisons (county jail of. . . . county) for an indeterminate term of not more than. . . ..

*IT IS ADJUDGED That the defendant is placed in the intensive sanctions program subject to the limitations of section 973.032 (3) of the Wisconsin Statutes and the following conditions:. . . .

*IT IS ADJUDGED That the defendant is hereby committed to detention in (the defendant's place of residence or place designated by judge) for a term of not more than. . . .

*IT IS ADJUDGED That the defendant is ordered to pay a fine of $. . . . (and the costs of this action).

*IT IS ADJUDGED That the defendant pay restitution to. . . .

*IT IS ADJUDGED That the defendant is restricted in his or her use of computers as follows:. . . .

*The. . . . at. . . . is designated as the Reception Center to which the defendant shall be delivered by the sheriff.

*IT IS ORDERED That the clerk deliver a duplicate original of this judgment to the sheriff who shall forthwith execute the same and deliver it to the warden.

Dated this. . . . day of. . . ., 19. . .
BY THE COURT. . . .
Date of Offense. . . .,
District Attorney. . . .,
Defense Attorney. . . .
*Strike inapplicable paragraphs.
STATE OF WISCONSIN
. . . . County
In. . . . Court
The State of Wisconsin
vs.

691

renders the judgment of conviction improper and requires remand to the trial court for the entry of a corrected judgment of conviction.

We disagree with Whiteside's analysis. Further, we note that Whiteside has cited no cases to support his interpretation. The history of § 972.13, STATS., reflects that its purpose was to correct a document deficiency in criminal cases by memorializing the sentencing and creating a uniform sentencing document for use around the state. As our supreme court stated in *State v. Pham*, 137 Wis. 2d 31, 403 N.W.2d 35 (1987): "[S]uch a requirement [of a formal record of conviction] was intended only to impose a uniform rule that all criminal actions resulting in a conviction must conclude with a written judgment of conviction which sets forth the plea, the verdict or finding, the adjudication and sentence." *Id.* at 36, 403 N.W.2d at 37. Therefore, the statute's obvious purpose was to enhance communication between the trial court and the prison authorities, not to hinder or restrict communication between them. Further, every

. . . .(Name of defendant)

On the. . . . day of. . . ., 19.., the district attorney appeared for the state and the defendant appeared in person and by. . . . the defendant's attorney.

UPON ALL THE FILES, RECORDS AND PROCEEDINGS

IT IS ADJUDGED That the defendant has been found not guilty by the verdict of the jury (by the court) and is therefore ordered discharged forthwith.

Dated this. . . . day of. . . ., 19. . .
BY THE COURT. . . .

(7)   The department shall prescribe and furnish forms to the clerk of each county for use as judgments in cases where a defendant is placed on probation or committed to the custody of the department pursuant to chs. 967 to 979.

692

sentencing transcript is prepared and sent to the receiving correctional institution. These sentencing transcripts contain any parole recommendation the trial court chooses to make on the record during sentencing. Thus, a trial court's parole recommendation will ultimately be found in an inmate's prison file in transcript form. Accordingly, there is no harm in duplicating this parole recommendation in the judgment of conviction as well.

Next, Whiteside, while conceding that the sentencing court has statutory authority to make a recommendation to the parole board, argues the trial court may do so only as prescribed by statute. Section 304.06(1)(c), STATS., provides for notification to the trial court of an imminent parole decision.[2] Section 304.06(1)(e), STATS., allows a notified court to provide a written statement that the parole board shall consider in its determination.[3] Thus, when a trial court receives

---

[2] Section 304.06(1)(c), STATS., provides:

(c)   If an inmate applies for parole under this subsection, the parole commission shall notify the following, if they can be found, in accordance with par. (d):

1.   The office of the court that participated in the trial or that accepted the inmate's plea of guilty or no contest, whichever is applicable.

2.   The office of the district attorney that participated in the trial of the inmate or that prepared for proceedings under s. 971.08 regarding the inmate's plea of guilty or no contest, whichever is applicable.

3.   The victim of the crime committed by the inmate or, if the victim died as a result of the crime, an adult member of the victim's family or, if the victim is younger than 18 years old, the victim's parent or legal guardian upon submission of a card under par. (f) requesting notification.

[3] Section 304.06(1)(e), STATS., provides:

(e)   The parole commission shall permit any office or person under par. (c)1. to 3. to provide written statements. The parole

notice it may—but is not required to—submit a written parole recommendation. Upon timely receipt, the parole board is obligated to consider it.

■

Under Whiteside's interpretation, the trial court is not permitted to convey the sentencing court's opinion on parole until the prisoner is eligible and applies for parole. The practical effect of Whiteside's argument involves the timing of the court's recommendation. Given the fact a prisoner must serve some portion of a sentence before being eligible for parole, a significant time lapse is likely to occur between sentencing and the sending of the notice of parole to the sentencing court. There is little to be gained by restricting the court's parole recommendation to the time frame advocated by Whiteside. Further, because the defendant will be incarcerated and have little contact with the sentencing court, it is doubtful the court will obtain any additional information about a defendant that would impact on a parole consideration between the time of sentencing and the receipt of a notice of parole.

Additionally, forbidding that an advance parole recommendation may be contained in the judgment of conviction and requiring the court to wait until the time of parole eligibility will result in the court's having to trust its recollection of events and people after the passage of months, and perhaps, years. On the other hand, permitting the court to make a recommendation on parole contemporaneously with the sentencing and placing it in the judgment of

commission shall give consideration to any written statements provided by any such office or person and received on or before the date specified in the notice. This paragraph does not limit the authority of the parole commission to consider other statements or information that it receives in a timely fashion.

conviction will ensure that accurate information is used. The defendant is equally well-served when the correct information is used in a parole recommendation. For the stated reasons, we find the parole recommendation placed in the judgment of conviction to be proper. Whiteside's argument is contrary to common sense and we reject it.

Whiteside also seeks to have his sentence vacated on an erroneous exercise of discretion grounds. Despite the trial court's assurances in the postconviction decision that the court was fully aware of the differences between first- and second-degree reckless homicide, the defendant maintains his sentence was based on an error of law.

Whiteside argues that the crucial difference between first- and second-degree reckless homicide is the amount of regard the defendant has for others while committing the crime. Twice before sentencing Whiteside, the trial court indicated it was unimpressed with the fact that he slowed his vehicle down to sixty miles per hour when entering the intersection. Thus, according to Whiteside, the trial court "rejected the importance of any evidence that Whiteside showed some regard for others" when sentencing the defendant to the maximum term. He argues that because maximum sentences "[are] to be reserved for a more aggravated breach of the statutes," *see McCleary v. State*, 49 Wis. 2d 263, 275, 182 N.W.2d 512, 519 (1971), the trial court must not have fully understood the law concerning first- and second-degree reckless homicide. He contends this misunderstanding "cause[d] the court to view his offense as more grave [sic] than it was under the law." Stated differently, Whiteside postulates that the trial court should have taken into consideration at sentencing the fact he reduced his speed, and if the

court had, he would not have received a maximum term.

[3]

Our standard of review of a sentencing decision is whether or not the trial court erroneously exercised its discretion. *See, e.g., State v. Harris*, 119 Wis. 2d 612, 622, 350 N.W.2d 633, 638 (1984). Such "[q]uestions will be treated in light of strong public policy against interference with the sentencing discretion of the trial court and sentences are afforded the presumption that the trial court acted reasonably." *Id.*

[4]

A review of Whiteside's sentencing transcript reflects that the trial court considered the appropriate factors. *See id.* at 623-24, 350 N.W.2d at 639 (discussing sentencing factors trial court should use) (citations omitted). With regard to the nature of the offense, the trial court stated: "[I]f you're going to drive an automobile and try to escape the police at speeds anywhere from 60 to 85 miles per hour and you go through the intersection at, *and I'll give [you] the benefit of the doubt, let's say 60 to 65 mph,* but through a red light, it's the natural consequences of your act that someone's going to get killed." This statement confirms that the court not only considered Whiteside's argument that he slowed down when going through the intersection, but also adopted it in sentencing him. The trial court also commented on the character of the defendant, his prior record (including the fact there was a warrant out for his arrest the night of the accident), his acceptance of responsibility, his rehabilitative needs, and the needs of the community. *See id.*

With regard to his prior record, the trial court stated that Whiteside's "entire record shows that he

was on the way to be a career criminal as far as this court's concerned." The trial court also took into consideration the statements of the victims' families "who believe 45 years as recommended by the State is inadequate." Finally, the trial court stated: "I have to consider the rights of the public and I think unless a long prison term is imposed, it would unduly diminish the serious nature of this offense, four lives taken in a matter of seconds by the actions of this defendant and, again, it was not an accident."

It is evident from these excerpts of the trial court's sentencing determination that it considered the appropriate and relevant factors in imposing the maximum sentence. What is also apparent is that Whiteside refuses to accept the fact that the trial court could consider the evidence that he decelerated the car but still not give him the sentence he believes such actions warrant. The trial court articulated a variety of reasons why a lengthy sentence was appropriate. This was a serious and tragic crime; four people were killed. Accordingly, we have no hesitancy in concluding that the sentence imposed was an entirely proper exercise of judicial discretion. For the reasons stated, we reject Whiteside's arguments and affirm.

*By the Court.*—Judgment and order affirmed.