IN RE the MARRIAGE OF:

Lori TROST, Petitioner-Respondent,

v.

Keith D. TROST, Respondent-Appellant.

Court of Appeals

*No. 99–1236. Submitted on briefs May 18, 2000.—Decided August 2, 2000.*

## 2000 WI App 222

(Also reported in 619 N.W.2d 105.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Keith Trost*, pro se.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Joe E. Kremkoski* of Racine.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. BROWN, P.J. Keith D. Trost appeals a trial court order setting a placement schedule for his daughter Alice. The trial court modified placement within two years of the initial order setting placement. Absent an allegation and a showing that "the current custodial conditions are physically or emotionally harmful to the best interest of the child," WIS. STAT.

§ 767.325(1)(a) (1997–98),[1] a trial court does not have authority to change placement within two years of the initial placement order. *See Paul M.J. v. Dorene A.G.*, 181 Wis. 2d 304, 307, 510 N.W.2d 775 (Ct. App. 1993). We reverse the portion of the trial court's order that set a new placement schedule. We affirm, however, the portion of the order refusing to change the amount Keith pays in child support because the record supports the trial court's conclusion that Keith did not show a change in circumstances warranting modification of support.

¶ 2.   Keith and Lori Trost were divorced by stipulated agreement approved by the court on July 10, 1997. Under that agreement, Lori had primary physical placement of the couple's daughter Alice. Keith had physical placement "at reasonable and liberal times" including, at a minimum, Monday through Friday after day care until 5:15 p.m. and alternating weekends. The plan did not work out; Keith and Lori had disagreements about Alice's placement. Dissatisfied with the amount of time he was seeing Alice, Keith sought to have the placement agreement enforced. He also sought modification of his child support obligation.

¶ 3.   The trial court recognized that Keith's claim was that Lori was "not holding up her end of the bargain" and went on to state that it did not "view that as a change of placement issue" but rather "as an enforcement issue." The court then went on to declare that the existing schedule was "absolutely meaningless" because it gave Keith placement during the day when Alice was in school. The trial court continued:

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

> So we're starting all over again not in terms of primary placement. She has it. She's keeping it. You understand. We're within two years. So she has primary placement. So don't talk about changing primary placement, Mr. Trost, because unless you can prove some type of physical or mental harm to that child, that's not on the table.
>
> However, what is on the table is a visitation schedule. That's what is on the table because the visitation schedule that you've agreed to is not really a visitation schedule as long as the child is in school. . . . We're going to get away from such other reasonable times and as parties agree because that's not going to work. . . . It's going to be a set schedule . . . .

The trial court then set a new placement schedule by which Keith had physical placement on alternating weekends, Monday evenings when there were 4H meetings, alternating Wednesday evenings during the summer and alternating Tuesday evenings during the school year. Keith argues that it was error for the trial court to modify the initial placement order.

¶ 4.   Normally, whether to modify a placement order is committed to the discretion of the trial court. *See Andrew J. N. v. Wendy L. D.*, 174 Wis. 2d 745, 764–66, 498 N.W.2d 235 (1993). Here, however, the question is not whether the trial court properly exercised its discretion in modifying the placement order but whether the trial court had authority to modify the placement order within two years of the initial placement order. Thus, it is a question of law we review de novo. *See Paul M.J.*, 181 Wis. 2d at 310.

¶ 5.   The quote above, along with other parts of the record, shows that the trial court operated under

the mistaken view that WIS. STAT. § 767.325(1)'s two-year prohibition on modification of placement orders applied only to modification of primary placement, not physical placement, the modern term for what used to be known as visitation. *See Jocius v. Jocius,* 218 Wis. 2d 103, 112, 580 N.W.2d 708 (Ct. App. 1998). But the two-year prohibition on modification applies to any order of physical placement "if the modification would substantially alter the time a parent may spend with his or her child." Section 767.325(1)(a)2.[2] Absent a showing that the current arrangement is harmful to the child or a showing that the modification is not a substantial alteration in the time spent between parent and child, the court has no authority to intervene during the two-year "truce" period. *See Paul M.J.,* 181 Wis. 2d at 311. Here, the trial court made an explicit finding that "[t]here has not been a sufficient showing that the current placement . . . is harmful to the physical or emotional well-being of the . . . child." Additionally, under the original order, Keith saw the child on every weekday after day care and every other weekend. Under the modified order, Keith sees the child on Mondays if there is a 4H meeting, alternating Wednesday evenings during the summer and alternat-

---

[2] WISCONSIN STAT. § 767.325(1) states in part:

(1) SUBSTANTIAL MODIFICATIONS. (a) *Within 2 years after initial order.* Except as provided under sub. (2), a court may not modify any of the following orders before 2 years after the initial order is entered under s. 767.24, unless a party seeking the modification, upon petition, motion, or order to show cause shows by substantial evidence that the modification is necessary because the current custodial conditions are physically or emotionally harmful to the best interest of the child:

1. An order of legal custody.

2. An order of physical placement if the modification would substantially alter the time a parent may spend with his or her child.

ing Tuesday evenings during the school year. It cannot be disputed that the change represents a substantial alteration in the time Keith is able to spend with the child. Thus, once the trial court determined that there was nothing harmful to the child in the original order and further determined a change that would be substantial, the trial court thereafter had no authority to modify the placement order. We thus vacate that portion of the trial court's order modifying the initial physical placement order.

¶ 6. Keith also argues that his child support should be reduced because he is a "shared-time payer." *See* WIS. ADMIN. CODE § DWD 40.02(25). WISCONSIN STAT. § 767.32(1) allows a trial court to modify a child support order "only upon a finding of a substantial change in circumstances." But Keith's situation when he began these proceedings was the same as when he entered into the stipulated agreement. If Keith objected to the child support terms in the agreement he should have brought up his shared-time argument when the agreement was being negotiated. The trial court told Keith that the support portion of the order was going to remain the same "unless you can establish some substantial change of circumstances which I haven't heard yet." The record supports the trial court's conclusion. We affirm that portion of the order refusing to modify child support.

¶ 7. In conclusion, we reverse that part of the order setting a new placement schedule and affirm that part keeping child support the same. Keith is now in the same position he was when he initiated these proceedings. We note, however, that the two-year "truce" period is now up. Thus, the trial court is now free to

modify the initial placement schedule should the issue arise again.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.