STATE of Wisconsin, Plaintiff-Appellant,†

v.

Craig A. TAYLOR, Defendant-Respondent.

Court of Appeals

*No. 91-2736. Submitted on briefs July 22, 1992.—Decided August 11, 1992.*

(Also reported in 489 N.W.2d 664.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Steven J. Madson,* assistant district attorney of Green Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Kenneth P. Casey,* assistant state public defender.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J.   The state appeals a judgment imposing civil penalties against Craig Taylor, who was convicted of operating after revocation, fifth offense, as a habitual traffic offender. The state contends that once a person is classified as a habitual traffic offender under ch. 351, Stats., any subsequent convictions for operating a motor vehicle are criminal offenses. The state argues that when a person is classified as a habitual traffic offender, that person's driving privileges are not revoked "solely due to a failure to pay a fine or forfeiture"; therefore, sec. 343.44(2)(e)2, Stats., does not apply. Because we conclude that sec. 343.44(2)(e)2 imposes only civil forfeit-

---

[1]This is a three-judge appeal pursuant to the chief judge's order of August 6, 1992.

ures upon individuals convicted of operating after a revocation based solely upon the failure to pay a forfeiture or fine, and that classification as an habitual offender is not a separate offense, we affirm the trial court's disposition.

The facts are undisputed. In September 1989, Taylor's operating license was suspended because he failed to pay a forfeiture. During 1990, Taylor was convicted four times of operating while suspended. In October 1990, Taylor was classified as a habitual traffic offender under sec. 351.02, Stats., and his license was revoked for five years. In April 1991, Taylor was cited for operating after revocation, fifth offense. Each of the revocations were predicated upon Taylor's failure to pay a forfeiture.

Following conviction, the trial court determined that Taylor was not subject to criminal penalties and that sec. 343.44(2)(e)2, Stats., limited the court to the imposition of a civil forfeiture. The trial court based its determination upon its finding that all of Taylor's citations were based on his failure to pay a forfeiture. The court imposed a civil forfeiture of $2,000 plus costs.

This issue presents a question of statutory interpretation that we review as a question of law without deference to the trial court. *State v. Pham,* 137 Wis. 2d 31, 33–34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construction is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36.

The state contends that the trial court erred by concluding that criminal penalties could not be imposed. The state argues that Taylor's revocation was not based *solely* upon the nonpayment; rather, Taylor's classification as an habitual traffic offender is an additional basis for the revocation. Therefore, the state argues, sec. 343.44(2)(e)2, Stats., is inapposite, and the trial court

should have imposed criminal sanctions under secs. 343.44(2)(e)1 and 351.08, Stats.

Section 343.44(2)(e) provides as follows:

> 1. Except as provided in subd. 2, for a 5th or subsequent conviction under this section or a local ordinance in conformity with this section within 5 years, a person shall be fined not less than $2,000 nor more than $2,500 and shall be imprisoned for not less than 6 months nor more than one year in the county jail.
>
> 2. If the revocation or suspension that is the basis of a violation was imposed solely due to a failure to pay a fine or a forfeiture, or was imposed solely due to a failure to pay a fine or forfeiture and one or more subsequent convictions for violating sub. (1), the person shall forfeit not less than $2,000 nor more than $2,500. This subdivision applies regardless of the person's failure to reinstate his or her operating privilege.

We conclude that the provisions of sec. 343.44(2)(e)2 apply to Taylor and limit the available punishment to a civil forfeiture. This conclusion is supported by a variety of reasons that we will address in turn.

First, we note that sec. 343.44(2)(e)2, Stats., removes operation after revocation convictions from the imposition of criminal sanctions in two situations: (1) if the revocation is based solely on the failure to pay a previously imposed fine or forfeiture and (2) subsequent revocation or suspension that was in turn based solely upon the previous failure to pay a fine or forfeiture. When determining legislative intent, we first examine the language of the statute. *Pham*, 137 Wis. 2d at 34, 403 N.W.2d at 36. The plain language of this statute demonstrates clear legislative intent to decriminalize certain

driving after revocation or suspension offenses. An interpretation removing Taylor from the provisions of this statute because he was classified as a habitual traffic offender under ch. 351, Stats., is inconsistent with the legislative purpose manifest by the language of sec. 343.44(2)(e).

Second, where two statutes deal with the same subject matter, the more specific statute prevails over the general statute. *Schlosser v. Allis-Chalmers Corp.*, 65 Wis. 2d 153, 161, 222 N.W.2d 156, 160 (1974). Section 343.44(2)(e)2, Stats., decriminalizes specific operating after revocation offenses that, under the general mandates of ch. 351, Stats., would otherwise be subject to criminal penalties. Section 351.02(1)(a)4 defines a habitual traffic offender as a person who is convicted four or more times within a five-year period of operating after suspension or revocation, regardless of the basis for the suspension or revocation. Section 343.44(2)(e)2 is a more specific statute dealing with multiple convictions because it identifies as the only basis for its applicability the requirement that the revocation is based solely on the failure to pay a forfeiture or fine. Further, ch. 351 does not address the issue of decriminalization, but operates only as a penalty enhancer for repeat traffic offenders. *See* sec. 351.08 and 351.11, Stats.

Third, the state's proposed reading of the statutes would render certain provisions of sec. 343.44(2)(e), Stats., superfluous. A statute should be construed so that no part of it is superfluous. *State v. Eichman*, 155 Wis. 2d 552, 560, 456 N.W.2d 143, 146 (1990). Moreover, when the legislature enacts a statute, it is presumed to have full knowledge of existing statutes. *Wood v. American Family Mut. Ins. Co.*, 148 Wis. 2d 639, 646, 436

N.W.2d 594, 597 (1989). Section 343.44(2)(e) specifically applies to persons convicted of a fifth offense operation after revocation within five years. All such persons' driving records reflect four or more convictions within five years of operating after revocation or suspension under sec. 343.44; therefore, all such persons are classified as habitual traffic offenders. Section 351.02(1)(a)4, Stats. The state's proposed construction would render sec. 343.44(2)(e)2 meaningless, because all fifth-time offenders would also be habitual traffic offenders.

■■

Finally, we note that being classified as a habitual traffic offender is not a separate offense, but is a status based upon one's driving record that can result in exposure to enhanced penalties. The legislature, however, decided not to expose persons who have been convicted of operating after revocation or suspension based (1) solely upon nonpayment of a fine or forfeiture; or (2) solely upon nonpayment of a fine or forfeiture and subsequent convictions of operating after revocation or suspension to enhanced penalties. Based on the foregoing reasons, we conclude that the trial court correctly determined that it was limited in its disposition to civil forfeitures under sec. 343.44(2)(e)2, Stats., rather than the criminal sanctions otherwise available for driving after revocation, fifth-time offenders.

*By the Court.*—Judgment affirmed.