STATE of Wisconsin, Plaintiff-Respondent,

v.

Bruce M. BILJAN, Defendant-Appellant.†

Court of Appeals

*No. 92–2894–CR. Submitted on briefs March 26, 1993.—Decided May 4, 1993.*

(Also reported in 501 N.W.2d 820.)

†Petition to review denied.

14

16

For the defendant-appellant the cause was submitted on the brief of *Mary E. Waitrovich*, assistant state public defender, of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Mary A. Harper*, assistant district attorney, of Shawano.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

[1] This is a three-judge appeal pursuant to the chief judge's order of April 13, 1993.

MYSE, J. Bruce Biljan appeals a judgment convicting him of misdemeanor operating a motor vehicle after revocation, third offense, in violation of sec. 343.44(1), Stats. (1989–90), sentencing him to thirty days in jail and imposing a $1,260 fine. He contends that because the sole basis of the revocation was his failure to pay a fine or forfeiture, the trial court erred by refusing to limit the punishment to a civil forfeiture under sec. 343.44(2)(c)2. We conclude that a basis for Biljan's violation of sec. 343.44(1) included a suspension for failure to post a security deposit, which is a separate offense. Because Biljan's failure to pay a fine or forfeiture was not the sole basis for his suspension, the judgment is affirmed.

The facts are undisputed. In July 1990, Biljan's operating privileges were suspended for six months because he failed to pay a forfeiture. In August 1990, his driving privileges were suspended under sec. 344.14, Stats., because he failed to post a security deposit under sec. 344.13 required of persons involved in a vehicle accident resulting in injury, death or property damage in excess of $500. In September 1990, Biljan's operating privileges were suspended for five years for failure to pay a forfeiture. In May 1991, Biljan's operating privileges were revoked for six months because he was operating after suspension (OAS). In March 1992, Biljan's operating privileges were revoked for six months following his conviction of operating after revocation (OAR), second offense. In May 1992, Biljan was cited for OAR, third offense. Biljan's suspension for failure to post a security deposit remained in effect under sec. 344.18(1) at the time of the May 1992 citation. The basis of this violation was Biljan's continuing suspension for failure to post a security deposit and his 1990 five-year suspension for

18

failure to pay a forfeiture. In July 1992, he was convicted of OAR, third offense, and criminal sanctions were imposed under sec. 343.44(2)(c)1. It is from this conviction that Biljan appeals.

This issue presents a question of statutory interpretation that we review as a question of law independently of the trial court's determinations. *State v. Pham*, 137 Wis. 2d 31, 33–34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construction is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36. When determining legislative intent, we first examine the statutory language. *Id.*

Section 343.44(2)(c), Stats., provides as follows:

1. Except as provided in subd. 2, for a 3rd conviction under this section or a local ordinance in conformity with this section within a 5-year period, a person may not be fined more than $2,000 and may be imprisoned for not more than 9 months.

2. If the revocation or suspension *that is the basis of a violation* was imposed solely due to a failure to pay a fine or a forfeiture, or was imposed solely due to a failure to pay a fine or forfeiture and one or more subsequent convictions for violating sub. (1), the person may be required to forfeit not more than $2,000. This subdivision applies regardless of the person's failure to reinstate his or her operating privilege. (Emphasis added.)

We conclude that the provisions of sec. 343.44(2)(c)2 do not limit the available punishment in this case to a civil forfeiture.

The plain language of this statute demonstrates clear legislative intent to decriminalize some, but not all, driving after revocation or suspension offenses.

Section 343.44(2)(c)2, Stats., eliminates imposition of criminal sanctions for operation after revocation convictions if the revocation or suspension that is the basis for the current violation was imposed solely because of the defendant's failure to pay a fine or forfeiture. However, if a revocation or suspension in effect at the time the defendant is cited for OAR or OAS was imposed for other than, or in conjunction with, the defendant's failure to pay a fine or forfeiture, the defendant's failure to pay a fine or forfeiture is not the sole basis for the revocation or suspension; therefore, sec. 343.44(2)(c)2 does not apply.

Here, Biljan's failure to pay a forfeiture was not the sole basis for his suspension. The safety responsibility suspension was in effect at the time Biljan was cited for OAR, third offense, the violation with which we are concerned. We therefore conclude that there is a sufficient causal relationship between the suspension for failure to post a security deposit, which is independent of Biljan's failure to pay a fine or forfeiture, and the current violation. The existence of a basis other than failure to pay a fine or forfeiture renders sec. 343.44(2)(c)2, Stats., inapplicable.

Biljan points to *State v. Taylor*, 170 Wis. 2d 524, 528–29, 489 N.W.2d 664, 666 (Ct. App. 1992), in support of his contention that his suspension for failure to post a security deposit as required under sec. 344.13(1), Stats., does not remove him from sec. 343.44(2)(c)2, Stats. However, our decision in *Taylor* rested upon the fact that the legislature chose not to denominate habitual traffic offender status as a separate offense. Thus, in *Taylor*, there was no intervening revocation or suspension that was imposed for an offense separate from

20

a failure to pay a fine or forfeiture. Here, the legislature has chosen to create a separate offense for failure to post a security deposit when required under sec. 344.13. Suspension for failure to post a security deposit is statutorily mandated, sec. 344.14(1), and is independent of any other suspension or revocation. Additionally, sec. 344.14(1m) authorizes impoundment of the offender's automobile as a separate punishment for failure to post a security deposit, which further demonstrates the legislature's intent to treat failure to post a security deposit as a separate offense.

The last sentence of sec. 343.44(2)(c)2, Stats., provides, "This subdivision applies regardless of the person's failure to reinstate his or her operating privilege." Biljan correctly asserts that because more than one year has elapsed since his sec. 344.14(1), Stats., suspension, he was required only to pay the $50 reinstatement fee required under sec. 343.21(1)(j), Stats., to end the safety responsibility suspension. *See* sec. 344.18(1)(d), Stats. He suggests that because of this statutory language, his failure to pay the reinstatement fee after his safety responsibility suspension cannot be punished. He further argues that it would be ineffectual to pay the $50 fee to end the safety responsibility suspension because he would still be suspended under the 1990 five-year suspension for failure to pay a forfeiture.

Biljan's reliance on the last sentence in sec. 343.44(2)(c)2, Stats., is misplaced. That sentence only appears in subdiv. 2. No similar provision exists in subsec. (2)(c)1 or in the financial responsibility statutes. Therefore, the sentence only applies when the rest of subdiv. 2 applies, that is, where a defendant's operating privileges were revoked or suspended solely

for failure to pay a fine or forfeiture and, after the period of revocation or suspension has expired, the defendant failed to reinstate his or her operating privileges. The last sentence is designed to prevent the state from imposing criminal sanctions on such a defendant based upon the defendant's failure to reinstate his or her operating privileges. Here, while it is true that Biljan's safety responsibility suspension continues in effect under sec. 344.18(1), Stats., because he has failed to pay the $50 reinstatement fee, his failure to reinstate his operating privileges is not the basis of that suspension or revocation. The basis of Biljan's safety responsibility suspension is his failure to post a security deposit as required under sec. 344.14.

Furthermore, the fact that Biljan only needs to pay a $50 reinstatement fee to end his safety responsibility suspension does not change the classification of his safety responsibility suspension as a separate offense. In this case, Biljan was required to post a security deposit; when he failed to do so, his operating privileges were suspended as a penalty for his violation of the statutory provision. Because an incident separate from Biljan's failure to pay a forfeiture exists, the revocation is not based solely upon his failure to pay a forfeiture.

Finally, while the legislature may have intended to decriminalize certain OAR or OAS offenses, partly because poverty may prevent certain offenders from paying their fines or forfeitures, we cannot extend that intention beyond what the legislature established in the statute's plain language. If the legislature intended to include suspensions for safety responsibility violations in its decriminalization scheme, it could easily have done so. The legislature's failure to include sus-

pensions for safety responsibility violations in its decriminalization scheme evinces its intent to limit the scope of sec. 343.44(2)(c)2, Stats.

*By the Court.*—Judgment affirmed.