STATE of Wisconsin, Plaintiff-Respondent,†

v.

Mauro MUNIZ, Defendant-Appellant.

Court of Appeals

*No. 93–2147–CR. Submitted on briefs December 10, 1993.—Decided January 25, 1994.*

(Also reported in 512 N.W.2d 252.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Paul M. Cornett* of Little Chute.

For the plaintiff-respondent the cause was submitted on the brief of *John F. Truby* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J.   Mauro Muniz appeals a trial court judgment convicting him of operating after revocation (OAR), second offense, in violation of § 343.44(1), STATS., and imposing criminal penalties under § 343.44(2)(b)1. Muniz contends that the trial court erred by imposing criminal penalties under § 343.44(2)(b)1 because the only suspension in effect at the time of the current violation was imposed for failure to pay a forfeiture. Because we conclude that the only suspension in effect at the time of the current violation was imposed solely for failure to pay a forfeiture, even though Muniz failed to reinstate his operating privileges after another suspension period had expired, Muniz should have been sentenced under § 343.44(2)(b)2. We reverse the judgment and remand the matter with directions to resentence Muniz under § 343.44(2)(b)2.

The facts are undisputed. Muniz was convicted of OAR, first offense, in May 1989. Effective January 29, 1991, Muniz's operating privileges were revoked under § 343.32(2)(c), STATS., for two months because he had accumulated twelve demerit points in a twelve-month period. During that two-month period, Muniz's operating privileges were suspended for five years because he failed to pay a forfeiture. Muniz failed to reinstate his license on March 30, 1991, the date his demerit suspension expired. On June 9, 1991, Muniz was cited for OAR, second offense, the violation underlying this appeal. Muniz pleaded guilty, and the court fined him $370 and sentenced him to ten days in jail, under § 343.44(2)(b)1.

---

[1] This is a three-judge decision pursuant to the Chief Judge's January 7, 1994 order.

Muniz contends that the trial court erred by imposing criminal sanctions because the only suspension in effect at the time of the current violation was imposed for failure to pay a forfeiture, even though he failed to reinstate his operating privileges after the demerit points suspension expired. He argues that his current OAR violation is decriminalized because his five-year suspension was imposed for failing to pay a forfeiture and § 343.44(2)(b)2, STATS., prohibits the imposition of criminal sanctions on the basis of his failure to reinstate his operating privileges after the demerit points suspension expired.

This issue presents a question of statutory interpretation that we review as a question of law independently of the trial court's determinations. *State v. Pham*, 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987). The purpose of the rules of statutory construction is to give effect to the legislative intent. *Id.* at 34, 403 N.W.2d at 36. When determining legislative intent, we first examine the statutory language. *Id.*

Section 343.44(2)(b), STATS., provides:

1.  Except as provided in subd. 2, for a 2nd conviction under this section or a local ordinance in conformity with this section within a 5-year period, a person may be fined not more than $1,000 and shall be imprisoned for not more than 6 months.

2.  If the revocation or suspension *that is the basis of a violation* was imposed solely due to a failure to pay a fine or a forfeiture . . . or was imposed solely due to a failure to pay a fine or forfeiture and one or more subsequent convictions for violating sub. (1), the person may be required to forfeit not more than $1,000. *This subdivision applies regardless of the*

*person's failure to reinstate his or her operating privilege.* (Emphasis added.)

Muniz argues that his demerit points suspension expired in March 1991, prior to the current violation and cannot be counted for purposes of determining whether criminal sanctions should be imposed under § 343.44(2)(b)1, STATS. The state argues that because Muniz failed to reinstate his operating privilege when he was eligible to do so on March 30, 1991, Muniz's demerit points suspension remained in effect. The state contends that Muniz's interpretation renders a portion of § 343.44(1) superfluous.

Section 343.44(1), STATS., prohibits operating during a period of suspension or revocation. That section also prohibits operating after the period of suspension or revocation has expired if the defendant has not yet reinstated his or her operating privileges. The state asserts that concluding that Muniz's demerit points suspension is no longer in effect for sentencing purposes under § 343.44(2)(b) despite the fact that Muniz has not reinstated his operating privileges, renders this second prohibition of § 343.44(1) superfluous. The state correctly notes that operating after a revocation or suspension period has expired but before reinstatement violates § 343.44(1). A defendant may be punished for such a violation. This argument, however, does not address the question of whether the legislature decriminalized the offense of operating after the revocation period has expired but before reinstatement of operating privileges.

The language, "This subdivision applies regardless of the person's failure to reinstate his or her operating privilege," demonstrates the legislature's intent to decriminalize the offense of operating after the revoca-

tion period has expired but before reinstatement of operating privileges, as long as no intervening suspensions that were imposed for other than a failure to pay a fine or forfeiture are still in effect. We previously held in *State v. Biljan*, 177 Wis. 2d 14, 22, 501 N.W.2d 820, 823 (Ct. App. 1993), that the plain language of the last sentence in § 343.44(2)(c)2, Stats., "is designed to prevent the state from imposing criminal sanctions on . . . a defendant [to whom § 343.44(2)(c)2 otherwise applies] based upon the defendant's failure to reinstate his or her operating privileges." We conclude that under the specific provisions of § 343.44(2)(b)2 Muniz's failure to reinstate his operating privileges after his demerit points suspension expired does not render his OAR, second offense, criminal and § 343.44(2)(b)2 inapplicable.

The only suspension in effect at the time of the current violation was the five-year suspension for Muniz's failure to pay the forfeiture imposed as a result of his conviction for operating without a valid operator's license. Under the statute's plain language, § 343.44(2)(b)2, Stats., applies and Muniz's current violation is decriminalized. Because § 343.44(2)(b)2 applies, we reverse the judgment and remand the matter to the trial court with directions to resentence Muniz under § 343.44(2)(b)2.

*By the Court.*—Judgment reversed and cause remanded with directions.