STATE of Wisconsin, Plaintiff-Respondent,

v.

Randy James RARDON, Defendant-Appellant.†

Court of Appeals

*No. 93–2670–CR. Submitted on briefs May 3, 1994.—Decided May 31, 1994.*

(Also reported in 518 N.W.2d 330.)

†Petition to review denied.

701

For the defendant-appellant the cause was submitted on the briefs of *Law Office of Michael J. Steinle* by *Michael J. Steinle*, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general by *Daniel J. O'Brien*, assistant attorney general, of Madison.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J. Randy James Rardon appeals from a judgment of conviction finding him guilty of possession of a firearm by a felon contrary to

§ 941.29(2), STATS. Rardon was charged after police found a disassembled weapon in the closet of his bedroom. Rardon presents the following issue for our consideration: whether the possession of a disassembled and inoperable firearm by a person previously convicted of a felony is a violation of § 941.29(2). We conclude that it is a violation and, therefore, affirm the judgment of conviction.

## I. BACKGROUND

On July 21, 1991, police officers were dispatched to a home on the south side of Milwaukee. The officers were called to the scene by Rardon's mother following a dispute between Rardon and his sister. When the police arrived at the home, they were told that Rardon was upstairs in his bedroom and that he had a firearm in his possession.

After securing the area, the police moved into the house and arrested Rardon. A police officer then searched the bedroom and found a disassembled .25 caliber Raven semi-automatic handgun on the floor of a closet.

Rardon was subsequently transported to the police station for questioning. Rardon admitted that he had purchased the handgun some time in 1987. Rardon asserted, however, that the weapon had never worked because of a faulty firing pin.

A trial to the bench was held on October 12, 1992. The parties stipulated that Rardon was a convicted felon at the time of the present incident. Rardon argued that because the handgun was disassembled and inoperable at the time he was arrested, he should not be found guilty of possession of a firearm under § 941.29(2), STATS. The State responded that irrespective of operability, possession of the weapon amounted

to a violation of the felon in possession of a firearm statute.

The trial court agreed with the State, explaining:

> I believe that what they [the legislature] were saying is if you are a convicted felon, you cannot possess a firearm. Certainly, a .25-caliber Raven semi-automatic is a firearm. There's no question about that.
>
> The State has presented testimony that the weapon was disassembled but that could be operational if it was assembled by someone who knew how to assemble it. We haven't had testimony from the defendant, he's not required to testify. My point is we would get into whether or not someone subjectively had the belief that it worked and that's not what the Legislature intended to prohibit. It intended to prohibit the mere possession of any weapon which acts by force of gunpowder, and that's what we have here.

Rardon now appeals.

## II.  DISCUSSION

The issue on appeal presents a question of statutory interpretation which we review independently of the trial court's determination. *State v. Muniz*, 181 Wis. 2d 928, 931, 512 N.W.2d 252, 253 (Ct. App. 1994). When considering a statute, we must ascertain and give effect to the intent of the legislature. *Id.* In determining the legislature's intent, we first look to the language of the statute itself. *Anderson v. School District of Ashland*, 181 Wis. 2d 502, 508, 510 N.W.2d 822, 824 (Ct. App. 1993). Only if the language is ambiguous will we resort to extrinsic aids to determine the legislature's intent. *Id.*

Section 941.29(1) and (2), STATS., reads, in relevant part:

**(1)** A person is subject to the requirements and penalties of this section if he or she has been:
(a) Convicted of a felony in this state.
. . . .
**(2)** Any person specified in sub. (1) who, subsequent to the conviction for the felony . . . possesses a firearm is guilty of a Class E felony.

The key issue here is how this court should define the term "firearm." Rardon asserts that the statute should be read to define firearm as only including "operable firearms." Thus, Rardon argues, because he did not possess an operable firearm, he cannot be held to have violated § 941.29(2), STATS. We conclude that the legislature did not intend such a narrow interpretation of the statute.

As recognized by the parties, "firearm" is not defined under chapter 941. Indeed, the only statutory definition of firearm is found in § 167.31, STATS., wherein the legislature stated that firearm "means a weapon that acts by force of gunpowder." For our purposes here, that definition is sufficient to encompass the .25 caliber Raven semi-automatic pistol possessed by Rardon. As noted by the trial court, there is no question that the Raven pistol is a weapon that, if operational, "acts by force of gunpowder." This conclusion, however, does not fully answer the question on appeal, i.e., whether operability of the firearm is a necessary component for finding a felon guilty of § 941.29(2), STATS. Thus, our inquiry is not complete.

The jury instructions pertaining to § 941.29(2), STATS., shed much light on the issue. WIS J I—CRIMINAL 1343 states, in relevant part: "It is not necessary that

the firearm was loaded or capable of being fired." As noted on many occasions by the supreme court, while jury instructions are not precedential, they are of persuasive authority in interpreting legislative enactments. *State v. Olson*, 175 Wis. 2d 628, 642 n.10, 498 N.W.2d 661, 667 n.10 (1993); *see also State v. O'Neil*, 141 Wis. 2d 535, 541 n.1, 416 N.W.2d 77, 80 n.1 (Ct. App. 1987).

Also relevant here is a recently decided case in which this court considered the question of whether a defendant could be convicted under the possession of a short barreled shotgun statute — § 941.28, STATS., — even if the shotgun possessed was inoperable due to a missing firing pin. *State v. Johnson*, 171 Wis. 2d 175, 178, 491 N.W.2d 110, 111 (Ct. App. 1992). After considering the legislative intent of the statute, we concluded:

> Thus, the fact that a short-barreled shotgun cannot be fired is not material as long as the weapon was intended by the fabricator (designer, redesigner, maker, or remaker) "to be fired from the shoulder or hip" and was designed or redesigned and made or remade to do so, provided that the weapon was also designed or redesigned and made or remade "to use the energy of a propellant in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger."

*Id.* at 183, 491 N.W.2d at 113-14.

Based on the above, we conclude that the term "firearm" is appropriately defined as a weapon that acts by force of gunpowder to fire a projectile irrespective of whether it is inoperable due to disassembly. This conclusion furthers the legislature's intention

that those convicted of a felony not be allowed to possess *any* firearms — operable, inoperable, assembled or disassembled. To reach the opposite conclusion could lead to potentially absurd results, something this court strives to avoid. *See State v. Reagles*, 177 Wis. 2d 168, 176, 501 N.W.2d 861, 864 (Ct. App. 1993).

Take for instance the individual who is wanted for a crime, but has chosen to barricade himself in his bedroom. The police have the individual surrounded but must be cautious while attempting to determine the most efficacious manner in which to take him into custody. The individual has a firearm in his possession and knows that he has been convicted of a felony in the past. To avoid the crime of possessing a firearm by a felon, utilizing Rardon's analysis, the individual simply holes up in his bedroom until he has succeeded in taking the firearm apart. Many weapons in today's society are easily taken apart. To allow the individual to escape liability for the above situation is clearly not what the legislature intended when drafting § 941.29(2), STATS. Thus, we refuse to adopt Rardon's analysis as to the definition of a firearm.

*By the Court.*—Judgment affirmed.