STATE of Wisconsin, Plaintiff-Respondent,

v.

Jerry L. PEETE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 92–0270–CR. Oral argument April 28, 1994.—Decided June 22, 1994.*

(Also reported in 517 N.W.2d 149.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Donna L. Hintze,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Paul Lundsten,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

HEFFERNAN, CHIEF JUSTICE. This is a review of an unpublished *per curiam* decision of the court of appeals affirming a judgment of the Milwaukee County circuit court, Judge William D. Gardner. The judgment convicted Jerry L. Peete, pursuant to a

jury verdict, of possession of cocaine with intent to deliver while armed, under secs. 161.16(2)(b)1, Stats., 161.41(1m)(c)2, Stats., and 939.63(1)(a)3, Stats. We accepted review limited to three issues. The first issue we address on review is whether sec. 939.63, Stats.,[1] which establishes an enhanced penalty for a person who commits a crime while "possessing" a dangerous weapon, penalizes both actual and constructive possession. We conclude that it does. When interpreting Wisconsin criminal statutes, this court has consistently concluded that the term "possession" includes both actual and constructive possession. Furthermore, the criminal jury instruction on "possession" provides instruction on both actual and constructive possession. This instruction is used for possessory offenses throughout the criminal code.

The second issue we address on review is whether the language in sec. 939.63, "while possessing," requires the state to prove the existence of a nexus between the crime and the weapon. We conclude the state must prove that the defendant possessed the weapon to facilitate commission of the predicate offense.

Because we conclude that the state must prove the nexus set forth above, we are obliged to reverse the decision of the court of appeals. The jury found Peete guilty of possession of cocaine with intent to deliver.

---

[1] Section 939.63(1)(a), Stats. 1989–90 provides:

If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

. . .

3. If the maximum term of imprisonment for a felony is more than 2 years, but not more than five years, the maximum term of imprisonment for the felony may be increased by not more than 4 years.

That verdict stands. The jury made a separate finding that Peete committed the crime while possessing a dangerous weapon. Because the circuit court did not instruct the jury on the nexus requirement, the jury did not find beyond a reasonable doubt the existence of each element of sec. 939.63 necessary to convict a person for committing the predicate offense "while possessing. . . . a dangerous weapon." Therefore, that verdict cannot stand. We remand the cause to the circuit court to enter a judgment of conviction solely on the offense of possession of cocaine with intent to deliver. We also direct the circuit court to conduct a new trial solely on the issue of whether Peete is guilty of engaging in the conduct prohibited by sec. 939.63—committing the predicate crime while possessing a dangerous weapon.[2]

On November 7, 1990, Milwaukee police officers executed a search warrant for a residence located at 2440 West State Street. Tina Randolph, her three children, Jerry L. Peete and John Northern were in the residence while the search was being conducted. Randolph and her children lived at this residence. Peete, Randolph's boyfriend, stayed with Randolph two to three nights per week.

---

[2] Peete raises one additional issue in his brief. When the court instructed the jury on the requirements of sec. 939.63, the court did not define "possessing." Peete asserts that because the jury instruction on sec. 939.63 did not set forth a definition of constructive possession, the instruction as provided required the jury to find actual possession. We reverse the judgment on other grounds. Therefore, we need not address this issue.

While searching Randolph's bedroom, the police found plastic bags containing 152 bindles[3] of cocaine stuffed into socks in a dresser drawer. Later, the police determined that the cocaine weighed a total of 13.369 grams. A police detective testified that the cocaine has a street value of $10 per bindle—$1,520 total.

The police also found socks stuffed with cash totaling $2,230 in the same drawer that contained the drugs. A beeper that Peete claimed he owned lay on top of the dresser. A notebook on top of the dresser contained paper that appeared to match the paper bindles. The police also found some of Peete's personal property and papers in the bedroom. Articles of men's clothing hung in the bedroom closet. The clothing appeared to belong to Peete because the pockets contained Peete's driver's license and other papers such as his vehicle registration, social security card, letters and receipts.

During the search, the police also found four loaded handguns. One gun was stuffed between the mattresses in Randolph's bedroom. A cereal box in the kitchen pantry contained the three remaining guns. Police found ammunition for three of the guns in boxes under Randolph's bed. The police also found a triple beam scale in the kitchen pantry. At trial, a detective testified that this type of scale, which can weigh extremely small amounts, is commonly used for weighing drugs.

The police arrested Peete on the scene. During the search incident to arrest, the police discovered that Peete had a key to Randolph's apartment.

Peete was charged with possession of cocaine with intent to deliver while possessing a dangerous weapon,

---

[3] At trial, a police detective testified that cocaine is commonly packaged in bindles, which are small folded paper squares.

under secs. 161.16(2)(b)1, Stats., 161.41(1m)(c)2, Stats., and 939.63, Stats. The case was tried to a jury, but the court declared a mistrial because the jury could not reach a verdict. The parties then tried the case a second time.

At the end of the second trial, the court instructed the jury on the elements of the offense of possessing cocaine with intent to deliver. The court gave the following instruction on possession, in conformity with Wisconsin criminal jury instruction 920:

> Possessed means that the defendant knowingly had a substance under his actual physical control. Now, an item is also in a person's possession if it's in an area over which the person has control and the person intends to exercise control over the item.
>
> It is not required that a person own an item, in other words, to possess it. What is required is that the person exercise control over the item.
>
> Possession may be shared with another person. If a person exercises control over an item that item is in his possession, even though another person may also have similar control.

The court then instructed the jury on the lesser included offense of possessing cocaine. Thereafter, the court instructed the jury on the sec. 939.63 penalty enhancer, committing a crime while possessing a dangerous weapon, stating:

> The information alleges not only that the defendant committed the crime of possession of cocaine with intent to deliver, but also that he did he [sic] so while possessing a dangerous weapon. If you find defendant guilty, you must answer the following question: Did the defendant commit the crime of possession of cocaine with intent to deliver while possessing a dangerous weapon. Before you may

answer this question yes, you must be satisfied beyond a reasonable doubt that the defendant committed the crime while possessing a dangerous weapon.

The court provided further instruction on what constitutes a "dangerous weapon."

After deliberating, the jury returned its verdict. The jury found Peete guilty of possession of cocaine with intent to deliver. The jury answered "yes" to the separate question, on the verdict form, of whether Peete committed the offense while possessing a dangerous weapon. The jury also answered "yes" to the question of whether Peete possessed more than ten grams of cocaine.

For the offense of possession of more than ten but not more than twenty-five grams of cocaine, sec. 161.41(1m)(c)2 sets a maximum sentence of five years imprisonment. The penalty enhancer in sec. 939.63 allows the court to increase the sentence up to an additional four years. The circuit court sentenced Peete to seven years imprisonment.

The court of appeals affirmed the judgment of conviction. Peete made the following arguments: sec. 939.63, Stats., requires actual, not constructive possession; even if "possessing" under sec. 939.63 includes constructive possession, the jury instruction for the penalty enhancer required the state to prove actual possession; and the evidence was insufficient to prove that Peete had constructive possession of the weapons. The court of appeals interpreted these arguments as objections to the jury instruction on the penalty enhancer. The court of appeals concluded that Peete had waived the right to appeal any error in these instructions because he had not objected to the instructions at trial.

On review before this court, Peete asserts that the court of appeals misinterpreted his arguments. The state agrees. Peete does not claim that the court's instructions to the jury on sec. 939.63 were in error. Peete raises an issue of statutory construction, an issue of what the jury was required to find under the instruction as given, and an issue of sufficiency of the evidence. Peete has not waived the right to raise the issues on review before this court.

The statute at issue in this case, sec. 939.63(1)(a), Stats. 1989–90 provides:

> If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased as follows: [the statute proceeds to set increased penalties which vary according to the penalty for the predicate offense].

The first issue we address on review is whether the term "possession" in sec. 939.63, Stats., encompasses both actual and constructive possession. Statutory construction is a question of law that this court reviews *de novo*. *State v. Eichman,* 155 Wis. 2d 552, 560, 455 N.W.2d 143 (1990). The principal objective of statutory construction is to ascertain the legislature's intent. *Id.*

Section 939.63 sets forth a possessory offense linked to a predicate offense. If a defendant commits a crime while possessing a dangerous weapon, the defendant's sentence may be increased by varying amounts of time, depending on the maximum sentence for the predicate offense. *See* sec. 939.63(1)(a)1–4. In cases interpreting criminal statutes governing possessory offenses, this court has consistently concluded that the term "possession" includes both actual and construc-

tive possession. In *State v. Dodd,* 28 Wis. 2d 643, 137 N.W.2d 465 (1965), the court interpreted the former sec. 161.02, Stats., which stated that it was unlawful to possess a narcotic drug. The court held that the definition of "possess" includes constructive possession. *Id.* at 649–650.[4] Twelve years later, the court interpreted sec. 161.41(1m), Stats., which prohibits possession of a controlled substance, and reached a conclusion consistent with that in *Dodd. Schmidt v. State,* 77 Wis. 2d 370, 253 N.W.2d 204 (1977). Although the court did not use the specific phrase "constructive possession," the court approved the concept, stating that possession "may be imputed when the contraband is found in a place immediately accessible to the accused and subject to his exclusive or joint dominion and control, provided that the accused has knowledge of the presence of the drug." *Id.* at 379. *See also Ritacca v. Kenosha County Court,* 91 Wis. 2d 72, 82, 280 N.W.2d 751 (1979) (restating that possession of narcotics includes constructive possession).

The consistent meaning given to "possession" in the criminal statutes is further illustrated by a case interpreting the term in a situation that did not involve a possessory offense. In *State v. Mosley,* 102 Wis. 2d 636, 307 N.W.2d 200 (1981), this court interpreted the armed robbery statute, sec. 943.32. The statute prohibits taking property from the "owner," defined in sec. 943.32(3) as "a person in possession." The court concluded that "possession" under sec. 943.32 includes

---

[4] The court also concluded that Dodd was in constructive possession of heroin. *Id.* at 650. Dodd and his wife were the sole occupants of their home. When police executed a search warrant, they found Dodd standing near an eyedropper containing heroin residue. In the bathroom, police found four tinfoil packages containing heroin residue. *Id.* at 649–50.

15

constructive possession *Id.* at 645. In so concluding, the court relied on sec. 971.33, Stats., which states that in any property crime, the owner's possession of the property may be actual or constructive.

Furthermore, the Wisconsin criminal jury instructions provide a standard definition for the term "possession." Jury instruction 920 defines "possession" as actual physical control, then adds the following definition of constructive possession:

> An item is (also) in a person's possession if it is in an area over which the person has control and the person intends to exercise control over the item.
>
> . . .
>
> Possession may be shared with another person. If a person exercises control over an item, that item is in his possession, even though another person may also have similar control.[5]

Because the term "possession" has a consistent, established meaning throughout the Wisconsin criminal statutes, we conclude that the legislature intended to give the term "possessing" in sec. 939.63 the same meaning. Therefore, the statutory term includes both actual and constructive possession.

The second issue we address on review is whether sec. 939.63 requires the state to prove the existence of a nexus between the predicate crime and the weapon the defendant possesses, and if so, how the nexus should be defined. Both the state and Peete assert that the legislature intended sec. 939.63 to apply only when there is

---

[5] Peete does not challenge this definition of constructive possession, which was set forth by the circuit court during the instructions on the offense of cocaine possession.

16

a relationship between the weapon and the substantive crime. We agree. Statutes should be interpreted to avoid unreasonable or absurd results. *State v. Pham,* 137 Wis. 2d 31, 34, 403 N.W.2d 35 (1987). As the state points out, it would be absurd to apply the penalty enhancement statute to situations in which there is no relationship between the offense and possession of a dangerous weapon, regardless of whether that possession is actual or constructive. The state provides the useful illustration of a person who fills out and files a fraudulent tax return while carrying a pistol. The state gives other examples of crimes which could be committed without a relationship between the crime and weapon possession, including forgery while possessing a weapon and fraudulent tapping of utility lines while possessing a weapon. In the absence of a nexus requirement, the state could prosecute a defendant for committing a crime while possessing a dangerous weapon even when the weapon has no connection to the predicate offense.[6]

Because we conclude that sec. 939.63 requires a nexus between the predicate offense and weapon possession, we must set forth a definition of an adequate nexus. During oral argument, the state repeatedly set forth a proposed nexus. The state recommended that

---

[6] *Cf. Smith v. United States,* — U.S. —, 113 S. Ct. 2050 (1993). In *Smith,* the United States Supreme court interpreted 18 U.S.C. § 924(c)(1), a federal penalty enhancer statute that applies when a defendant, "during and in relation to . . . [a] drug trafficking crime[,] uses . . . a firearm." *Id.* at 2051. The Court concluded that the "in relation to" language eliminates the possibility that a defendant could be punished under § 924(c)(1) when the presence or involvement of a firearm is accidental, coincidental, or entirely unrelated to the crime. *Id.* at 2059.

when a defendant is charged with committing a crime while possessing a dangerous weapon, under sec. 939.63, the state should be required to prove that the defendant possessed the weapon to facilitate commission of the predicate offense. At oral argument, Peete's counsel agreed that this is an adequate statement of the necessary relationship between the weapon and the predicate crime. We agree and adopt the state's definition.

Our decision to adopt the nexus the state recommends is based on our analysis of the language of sec. 939.63. The statute provides enhanced penalties "[i]f a person commits a crime while possessing, using or threatening to use a dangerous weapon." If a defendant commits a crime while using or threatening to use a dangerous weapon, a nexus is established. The defendant's use or threat to use a dangerous weapon puts the crime victim in fear, protects the defendant, and protects any contraband in the defendant's possession. These effects of the use or threat to use a weapon facilitate commission of the predicate offense. Thus the nexus requirement we establish, that a defendant possess the weapon to facilitate commission of the predicate offense, makes the language "while possessing" in sec. 939.63 parallel in meaning to "while . . . using" or "while . . . threatening to use."

Because we conclude that the language "while possessing" in sec. 939.63 requires the state to prove a nexus between the weapon and the predicate offense, we are obliged to reverse the decision of the court of appeals. That decision affirmed the judgment convicting Peete of possession of cocaine with intent to deliver

18

while possessing a dangerous weapon.[7] The nexus required by the "while possessing" language of sec. 939.63 is an element of sec. 939.63. The Due Process Clause of the Fourteenth Amendment requires that the State prove beyond reasonable doubt every element of the crime charged. *Patterson v. New York,* 432 U.S. 197, 210 (1977); *In re Winship,* 397 U.S. 358, 364 (1970). In Peete's case the judgment of conviction under sec. 939.63 must be reversed because the court did not require that the jury find beyond reasonable doubt that Peete possessed a dangerous weapon to facilitate the commission of the predicate drug offense.

The state asserts that the evidence in Peete's case supports a conclusion that the nexus requirement is satisfied. We are unable to make that determination because a court may not direct a verdict of guilt against a defendant in a criminal case. *State v. McAllister,* 107 Wis. 2d 532, 533, 319 N.W.2d 865 (1982). Where the finder of fact is a jury, proof of all essential elements must be tendered to the jury. *Id.* The jury must make the factual finding of whether Peete possessed a handgun to facilitate the commission of the predicate crime.

In *State v. Villarreal,* 153 Wis. 2d 323, 450 N.W.2d 519 (Ct. App. 1989), the court of appeals has already concluded that sec. 939.63 sets forth elements which the state must prove beyond reasonable doubt. Villarreal appealed from a judgment of conviction for second-degree murder by use of a dangerous weapon, under sec. 940.02, Stats. (1985–1986) and sec. 939.63, Stats.,

---

[7] As discussed previously, we remand the cause to the circuit court with directions to enter a judgment of conviction against Peete solely on possession of cocaine with intent to deliver. We also direct the circuit court to conduct a new trial on the penalty enhancer.

19

because she had not personally waived her right to a jury trial on the "use of a dangerous weapon" element. *Id.* at 324. The court of appeals concluded that Villarreal had not waived her right to a jury trial on this element. Therefore the court reversed the judgment of conviction and remanded the cause to the circuit court to enter a judgment of conviction solely for second-degree murder. *Id.* at 332.

In *Villarreal,* the state argued that the sec. 939.63 "use of a dangerous weapon" element was a nonessential element that did not require a jury finding. The state relied on this court's decision in *State v. McAllister,* 107 Wis. 2d 532 (1982). In *McAllister,* this court interpreted sec. 346.65(2), Stats., which imposes a series of graduated penalties for repeated convictions, under sec. 346.63(1), Stats., of operating a motor vehicle while under the influence of an intoxicant (OMVWI). This court held that the state need not prove beyond a reasonable doubt that the defendant had previously been convicted of an OMVWI violation, because the fact of a prior violation is not an element of the crime of OMVWI. *Id.* at 538.

This court reasoned in *McAllister* that the sec. 346.65(2) penalty structure was "similar to a repeater statute which does not alter the nature of the substantive offense, i.e. the prohibited conduct, but rather goes only to the question of punishment." *Id.* at 535. The penalty structure did not in itself constitute a crime or change the nature of the crime. *Id.* at 536–37. The court added that there is no presumption of innocence in regard to the previous convictions because the defendant's rights were protected in the prior actions. *Id.* at 539.

The court of appeals in *Villarreal* rejected the state's argument that sec. 939.63 sets forth nonessen-

20

tial elements and distinguished sec. 939.63 from sec. 346.65(2), the statute at issue in *McAllister*. Section 939.63, although a penalty enhancer, requires proof of facts in addition to the proof required for the predicate offense. Unlike the repeater-type statute in *McAllister*, a charge under sec. 939.63 changes the nature of the crime charged. *Villarreal*, 153 Wis. 2d at 328–29. Thus, "use of a dangerous weapon," is an essential element of the charge of second-degree murder by use of a dangerous weapon. *Id.* at 329–30. Villarreal had a constitutional right to trial on every element. *Id.* at 332. The court of appeals added that the *McAllister* analysis applies only to repeater-type statutes that do not change the nature of the crime charged. *Id.* at 328, 332.

We agree with and adopt the analysis of sec. 939.63 set forth by the court of appeals in *Villarreal*. We add only that, when a defendant is charged with committing a crime "while possessing a dangerous weapon," in violation of sec. 939.63, the circuit court must provide the jury with several instructions. A circuit court must instruct the jury on the definition of possession; on the nexus requirement, that the defendant possessed the weapon to facilitate the predicate crime; and on the definition of dangerous weapon. The enhanced penalty can only be imposed when the state proves the existence of each of these elements beyond a reasonable doubt.

Our conclusion that the state must prove the elements of sec. 939.63 beyond reasonable doubt is also consistent with the language of sec. 939.63(1)(b), Stats. This subsection provides:

> The increased penalty . . . does not apply if possessing, using or threatening to use a dangerous weapon is an essential element of the crime charged.[8]

This language explains that the phrase "while possessing, using or threatening to use a dangerous weapon" can become an essential element of every crime, through application of sec. 939.63, except when the phrase is already an element of the crime charged. In either circumstance, the state must prove the existence of each element beyond a reasonable doubt.

Finally, our conclusion that reversal is necessary is supported by the state's brief, which acknowledges that the state must prove the existence of the elements of sec. 939.63. Discussing the term "possessing" in sec. 939.63, the state declares:

> The state agrees with Peete that the prosecutor needed to prove more than Peete's knowledge of and access to the guns in order to prove he "possessed" them for purposes of the enhancement statute. The prosecutor needed to prove that Peete intended to exercise control over the guns.[9] (Brief for respondents at 23 (citations omitted)).

---

[8] For example, sec. 943.32(2), Stats., provides:

Whoever violates sub. (1) [robbery] *by use or threat of use of a dangerous weapon* or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon is guilty of a class B felony. (Emphasis added.)

Because use or threat of use of a dangerous weapon is already an element of sec. 943.32(2), the sec. 939.63 penalty enhancer cannot be charged in conjunction with this offense.

[9] *See also State v. Carrington,* 134 Wis. 2d 260, 397 N.W.2d 484 (1986), in which a defendant was charged with endangering safety by conduct regardless of life while armed with a dangerous weapon. The charge was a composite of three statutes, sec.

We reverse the decision of the court of appeals affirming Peete's judgment of conviction for possession of cocaine with intent to deliver, while possessing a dangerous weapon. The jury found Peete guilty of possession of cocaine with intent to deliver. This portion of the verdict still stands. In the form of a special verdict, the jury separately found that Peete committed the crime while possessing a dangerous weapon, in violation of sec. 939.63. For the reasons discussed previously, this portion of the verdict cannot stand. We remand the cause to the circuit court with directions to enter a judgment of conviction against Peete solely on possession of cocaine with intent to deliver. We also direct the circuit court to conduct a new trial solely on the issue of whether Peete is guilty of engaging in the conduct prohibited by sec. 939.63—committing the predicate crime *while possessing a dangerous weapon.*

In addition, we direct the circuit court to vacate Peete's sentence and resentence him after the new trial. Section 939.63 provides an enhancement to the penalty for the predicate offense and thus a circuit court sets one sentence for a defendant convicted of committing a predicate offense while possessing a dangerous weapon.[10] The circuit court cannot sentence

---

941.30, making it a felony to endanger another's safety by conduct regardless of life; sec. 939.63(1)(a)3, the penalty enhancer for committing a crime while possessing, using or threatening to use a dangerous weapon; and sec. 939.22(10), which defines "dangerous weapon." The State conceded that "while armed with a dangerous weapon", the portion of the charge stemming from sec. 939.63, was an element of the felony. *Id.* at 267 n.5.

[10] Peete was sentenced to seven years imprisonment under one charge of possessing a controlled substance with intent to deliver while armed. The sec. 161.41(1m)(c)2, Stats., drug

Peete on his conviction for possession of cocaine with intent to deliver until a jury makes the additional determination of whether Peete is guilty of the conduct prohibited by sec. 939.63.[11]

*By the Court.*—Reversed and remanded with instructions.

---

offense provides a maximum penalty of five years. Section 939.63(1)(a)3 provides that this penalty can be increased by not more than four years.

[11] In *Villarreal,* 153 Wis. 2d at 332, the court of appeals reversed the judgment of conviction and remanded the cause to the circuit court with directions to enter a judgment of conviction against Villarreal only for second degree murder, the predicate offense. Because the circuit court had already allocated twenty years of the twenty-five year sentence to the predicate offense, the court of appeals directed that, upon remand, the circuit court was to impose a twenty year sentence. *Id.* In Peete's case the circuit court did not apportion the sentence between the predicate offense and sec. 939.63. Therefore, we cannot direct the circuit court to impose a sentence for the predicate offense until a jury has made a finding as to Peete's guilt under sec. 939.63.