STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry W. NORRIS, Defendant-Appellant.

Court of Appeals

*No.  96–2158.  Submitted on briefs September 10, 1997.—Decided September 23, 1997.*

(Also reported in 571 N.W.2d 857.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Larry Norris* of Waupun.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David J. Becker,* assistant attorney general.

Before Cane, P.J., Myse, and Hoover, JJ.

HOOVER, J.    Larry Norris appeals the judgment arising from his guilty plea to burglary, contrary to § 943.10(1)(a) and (2)(b), STATS., 1991–92 (burglary "[w]hile unarmed, but arms himself with a dangerous weapon while still in the burglarized enclosure.").[1] Norris asserts that the record fails to disclose a factual basis to find that he armed himself with a dangerous weapon and that it fails to demonstrate a "nexus" between the burglary and the weapon such that he possessed the weapon to facilitate the crime. He further argues that the State improperly charged and convicted him of the offense because the gun with which he armed himself in the burglarized premises had a trigger lock and therefore could not be considered

---

[1] All references to § 943.10(1)(a) and (2)(b), STATS., are to the 1991–92 versions under which Norris was convicted.

26

a dangerous weapon. We first conclude that arming oneself with a dangerous weapon during a burglary is an element of the offense to which Norris pled guilty. Therefore, the evidence need not show that he possessed a weapon to facilitate the commission of the crime, but only that he armed himself with a dangerous weapon during the burglary. We further conclude the record sustains the trial court's determination that the complaint provided a sufficient factual basis to support each element of the offense. Finally, we reject the argument that a firearm with a trigger lock is not a dangerous weapon. Accordingly, the judgment of conviction is affirmed.

On June 27, 1993, Norris pled guilty to four counts of burglary contrary to § 943.10(1)(a), STATS., and one count of burglary contrary to § 943.10(1)(a) and (2)(b), STATS. ("unarmed, but arms himself").[2] The court sentenced him to five years' imprisonment on each burglary count, consecutively, and eight years consecutive on the Class B burglary. Following our supreme court's decisions in *State v. Peete*, 185 Wis. 2d 4, 517 N.W.2d 149 (1994), and *State v. Howard*, 211 Wis. 2d 269, 564 N.W.2d 753 (1997), Norris appeals only his conviction for the burglary during which he armed himself.

Norris contends that the record fails to show a *Peete* nexus requirement because it fails to demonstrate that he armed himself with the gun during the course of the burglary to facilitate the commission of the burglary. In *Peete*, our supreme court considered a penalty enhancer set forth in § 939.63(1)(a), STATS., 1989–90, which prescribes an increased penalty for

---

[2] Ordinary burglary is a Class C felony. One convicted of arming him or herself in the course of a burglary is guilty of a Class B felony.

committing any crime "while possessing, using or threatening to use a dangerous weapon . . . ." In addressing the "while possessing" alternative particularly, *Peete* held that the State must prove that a defendant possessed a weapon to facilitate commission of the predicate offense. *Id.* at 14, 517 N.W.2d at 150. Norris asserts that the gun in the present case was merely the fruit of the burglary and that the record fails to provide a factual basis to support the offense and demonstrate the nexus requirement. We first consider his assumption that the *Peete* nexus requirement is applicable to the offense in question.

The statute considered by *Peete* prescribes an increased penalty for committing *any crime* "while possessing, using or threatening to use a dangerous weapon . . . ." Section 939.63(1)(a), STATS., 1989–90. The penalty enhancers in *Peete* and the instant case are fundamentally different. One obvious distinction is that the penalty enhancer in this case applies only to burglaries. Further, the offense to which Norris pled guilty refers to a burglary where a person initially is unarmed but then "arms himself" with a dangerous weapon during its commission. Section 943.10(2)(b), STATS. The critical operative language is precise and plainly distinct from that in § 939.63(1)(a). The statute's language does not suggest a nexus requirement, but rather imposes a separate necessary element of the offense; arming oneself with a weapon.

Furthermore, the policy rationale that supports the result in *Peete* is entirely lacking in this case. The supreme court identified two reasons for adopting the nexus requirement, neither of which applies here. First, it was adopted to "avoid unreasonable or absurd results." *Id.* at 17, 517 N.W.2d at 153. The court cites examples of absurd results, such as applying the

enhanced penalty where a person possesses a weapon while filling out a fraudulent tax return, or while committing forgery. *Id.* There is no absurd result to be avoided here. In a burglary, there is always an increased chance of danger where a person arms himself with a gun. It is irrelevant if there is no intent to use the gun to facilitate the burglary; its presence nonetheless enhances the prospect of danger.

The second policy rationale is equally inapplicable. The supreme court imposed the nexus requirement to make parallel in meaning the three alternative manners by which the penalty for any crime may be enhanced, "while possessing," "while . . . using" or "while . . . threatening to use" a dangerous weapon. *Id.* at 18, 517 N.W.2d at 154. The conduct necessary to provoke the enhancer implies activity that facilitates the commission of a predicate offense. *Id.* In contrast, the burglary penalty enhancer provision in this case, § 943.10(2)(b), STATS., does not contain any alternatives to which the "arm[ing] himself" language would need to be made parallel by imposing the *Peete* nexus requirement. For these reasons, we hold that the charge in question requires only that the factual basis demonstrate that Norris armed himself with a dangerous weapon in the course of the burglary.

We next decide whether there was a sufficient factual basis to find that Norris armed himself with a dangerous weapon in the course of a burglary. Norris pled guilty to the charge. In doing so, he admitted to the facts in the complaint,[3] facts that the trial court determined provided a sufficient basis for accepting the

---

[3] *State v. Rachwal,* 159 Wis. 2d 494, 509, 465 N.W.2d 490, 496 (1991).

guilty plea. We will not reverse that finding unless it is clearly erroneous. *State v. Johnson*, 200 Wis. 2d 704, 709, 548 N.W.2d 91, 93 (Ct. App. 1996). We hold that the trial court's finding of a sufficient factual basis was not clearly erroneous; rather, the facts of the complaint support the offense.

The facts and reasonable inferences in the complaint place Norris in a residence with knowing lack of consent. The complaint alleges that a firearm, jewelry and money were taken during the burglary. This is sufficient to establish the intent element. More significantly, the evidence that he took a firearm is sufficient to demonstrate the factual basis necessary both to charge Norris with arming himself with a gun during a burglary and to support his guilty plea.

■

Norris also argues that the State improperly charged and convicted him of the offense because the gun he armed himself with had a trigger lock and therefore could not be considered a dangerous weapon. This position is also without merit. In § 939.22(10), STATS., the first definition of "dangerous weapon" is "any firearm." Case law demonstrates that a firearm need not be operational to be considered a dangerous weapon.[4]

---

[4] "[T]he term 'firearm' is appropriately defined as a weapon that acts by force of gunpowder to fire a projectile . . . ." *State v. Rardon*, 185 Wis. 2d 701, 706, 518 N.W.2d 330, 332 (Ct. App. 1994). The term applies even to a firearm that is inoperable due to disassembly. *Id.* Further, even an unloaded pellet gun is a dangerous weapon; it was designed as a weapon and, when used as a bludgeon, it is capable of producing death or great bodily harm. *State v. Antes*, 74 Wis. 2d 317, 325, 246 N.W.2d 671, 675 (1976). Similarly, a starter pistol, which could not discharge a bullet, was a dangerous weapon because it could be used as a

The gun Norris armed himself with did not cease to be a dangerous weapon simply because it had a trigger lock.[5] It is a "firearm" as defined by law. A firearm is a dangerous weapon, regardless whether it is presently capable of its primary intended use. Arming oneself with a dangerous weapon during a burglary violates § 943.10(1) and (2)(b), STATS.

In conclusion, the *Peete* nexus requirement is inapplicable in § 943.10(1)(a) and (2)(b), STATS., burglary cases. Instead, the "arm[ing] himself" language functions as an additional element of the offense. The state need only prove that Norris armed himself during the burglary, not that he used the weapon to facilitate its commission. Norris pled guilty to the offense; he therefore admitted to the facts of the complaint, and those facts support his guilty plea for the offense. Finally, a gun that has a trigger lock remains a dangerous weapon both by definition and potential for use.

*By the Court.*—Judgment affirmed.

---

bludgeon and because it had the appearance of a lethal weapon. *See id.* at 326, 246 N.W.2d at 675.

[5] The State presents an additional argument that Norris fails to demonstrate that the gun with the trigger lock was the same gun he armed himself with during the burglary. We do not address the argument; case law demonstrates that Norris's argument fails even if it is the same gun.